# Birmingham Railway, Light & Power Company *v*. H. Elmit.

### *Carrying Passenger Beyond Destination.*

(Decided January 16, 1912.   60 South. 982.)

1. *Carrier; Passenger; Duty to Stop; Complaint.*—Where the action was by a passenger for being carried beyond his destination, a complaint alleging that his mother also a passenger, when paying the fares to the conductor, told him that plaintiff desired to get off at a particular point, which was on said line, and a regular stopping place of cars thereon, and that the conductor agreed to put him off there, sufficiently showed a duty on the part of the conductor to afford him an opportunity to alight there.

2. *Same; Alternative Averments.*—Where the complaint alleged that defendant's conductor recklessly, willfully or wantonly failed to put plaintiff off at his destination, it is the alternative and shows no more than simple negligence; it is not, however, on that account rendered subject to demurrer, since a passenger is entitled to complain of the simple negligence of the carrier's conductor.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Howard Elmit, by next friend, against the Birmingham Railway, Light & Power Company, for damages sustained while a passenger.   Judgment for

42 CA

plaintiff, and defendant appeals. Reversed and remanded.

The following is the complaint: "Count 1. The plaintiff, who is a minor, and who sues by next friend, Mary Elmit, claims of defendant, a body corporate, the sum of $5,000 as damages for that heretofore, on, to wit, the 24th day of December, 1909, the defendant was a common carrier of passengers for hire and reward, by means of cars propelled by electricity, which said cars, among other places, ran from Ninth avenue and Nineteenth street to Avenue A and Twentieth street in the city of Birmingham; that on said date said Elmit became a passenger on one of the cars of defendant on said line. Plaintiff avers that he was in company with his mother, who was also a passenger, and that his mother notified the conductor at the time she paid the conductor in charge of the car of the defendant that plaintiff desired to get off said car at the Louisville & Nashville Railroad depot, which said depot is on said line of railway, and a regular stop for cars running on said line, and that the conductor agreed to put plaintiff off at said station. Plaintiff avers that the conductor agreed to put plaintiff off at said station, and plaintiff avers that said conductor in charge of said car negligently failed to put plaintiff off at said station, and wrongfully and negligently carried plaintiff for more than a block beyond his destination, and put him off on a street covered with water, and during a heavy downfall of rain, and plaintiff was forced to walk through water and rain, to cross a great number of railroad tracks to reach said depot, and as a proximate consequence plaintiff was greatly inconvenienced, made sick and sore, and enfeebled to his damage." The third count is in all respects similar to the first count, with the exception that it alleges that the conductor in charge of said car reck-

lessly, wantonly, or willfully carried plaintiff more than a block beyond his destination, under the conditions specified in the first count. The demurrers were that the counts were vague, indefinite, and uncertain; it deos not appear with sufficient certainty what duty the defendant owed the plaintiff, or wherein and how the defendant violated this duty; that the facts alleged do not constitute negligence as a matter of law; that the facts alleged do not constitute willful, wanton, or intentional negligence or misconduct. For the averments of the second and fourth counts, see *Birmingham R. L. & P. Co. v. Mildred Elmit, infra,* 60 South. 981.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The court erred in overruling demurrers to the 3rd count.—*B. R. & E. Co. v. Bowers,* 110 Ala. 328; *L. & N. v. Anchors,* 114 Ala. 499; *R. & D. v. Vance,* 93 Ala. 149; *So. Ry. v. Bush,* 122 Ala. 470; *L. & N. v. Orr,* 121 Ala. 497; *B. R. L. & P. Co. v. McDaniel,* 59 South. 334. The court erred in overruling demurrers to the 4th count.—*B. R. L. & P. Co. v. McDaniel, supra; Martin v. U. S. & . R. R. Co.,* 163 Ala. 218. Counsel discuss assignments of error relative to evidence with citation of authority, but in view of the opinion it is not deemed necessary to here set it out.

W. R. BLEVINS, and J. B. AIRD, for appellee. This case should be affirmed on the authority of *Stringer v. Alabama Mid. Ry. Co.,* 99 Ala. 397.

WALKER, P. J.—The second and fourth counts of the complaint in this case followed the averments of the counts which were held to be subject to demurrer in the case of *Birmingham Railway, Light & Power Co. v. Mildred Elmit, infra,* 60 South. 981. For the reasons

stated in the opinion rendered in that case, it must be held that the court erred in overruling the demurrers to those counts.

Neither of the other counts was subject to demurrer on the grounds assigned. The averments of the third count sufficiently show the existence of a duty on the part of the defendant's conductor to afford the plaintiff an opportunity to get off at the place mentioned. It is true that its averments to the effect that the conductor recklessly, willfully, or wantonly failed to put the plaintiff off at that place, being in the alternative, show no more than simple negligence (*Louisville & Nashville R. Co. v. Orr, Adm'r.,* 121 Ala. 489, 26 South. 35) ; but this does not render the count subject to the demurrer interposed to it, as the plaintiff could maintain an action for the simple negligence alleged. This is not such a case as the one presented in *Southern Railway Co. v. Bush,* 122 Ala. 470, 26 South. 168, which is referred to in this connection by the counsel for the appellant. The count in that case which was held subject to demurrer showed that the injury complained of was received by the plaintiff's intestate while he was a trespasser on the track of the defendant railroad company. That being true, it was held that, for the plaintiff to show the existence of a cause of action against the defendant, it was incumbent upon him to show something more than simple negligence on the part of the defendant's servants. The plaintiff here, being a passenger, was entitled to complain of the simple negligence of the defendant or its employees.

Other questions presented need not be passed upon, as they are such as may not arise on another trial.

Reversed and remanded.