# Birmingham Railway, Light & Power Co. *v.* McDaniel.

### *Injury to Passenger.*

(Decied June 12, 1912.   Rehearing denied July 11, 1912.
59 South. 334.)

1. *Carrier; Passengers; Wrong Destination; Complaint.*—In an action for failing to set plaintiff, a passenger, down at her proper destination in the nighttime, a complaint properly alleging the existence of the relation of passenger and carrier between the parties, and that it was defendant's duty to set plaintiff down at a particular street, but that it negligently failed to do so to plaintiff's damage, stated a cause of action.

2. *Same; Wilfulness.*—Where a plaintiff alleged properly the relation of carrier and passenger between herself and defendant, and that the defendant's conductor in charge of the car willfully, etc., directed plaintiff to alight in the nighttime at a place that was not her destination, but which was strange to her; that he knew that if plaintiff was put off in a strange place she would suffer mental distress, inconvenience and annoyance, but notwithstadning such knowledge, consciously, willfully, wantonly, etc., caused her to alight at a different place than her destination, to her great damage, etc., the count was fatally defective for failure to allege facts showing plaintiff's right to be carried to a place styled "her place of destination," and also, for failing to show that the conductor's act, in setting her down at the place he did, was wrongful.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Mattie E. McDaniel against the Birmingham Railway, Light & Power Company for damages to her as a passenger by putting her off at the wrong place.   Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows:

"Count 1. Plaintiff claims of the defendant corporation the sum of $1,000 as damages for that heretofore, to-wit, on the 1st day of January, 1910, plaintiff was a passenger on a street car operated by the defendant corporation, for the common carriage of passengers for hire in Jefferson county, Ala., through its servants, agents, or employees, and plaintiff avers that, while so a passenger on one of defendant's cars so operated, she notified defendant's conductor in charge of said car that she desired to alight at Annie street, a point on said street car line, which was to be passed by said street car, which was a regular stopping place for taking on and letting off passengers on said street car, and plaintiff avers that she was wrongfully carried beyond said Annie street, and was wrongfully discharged and put off at another and different place in the nighttime, and that said place was strange to her, and that as a proximate consequence thereof she wandered in a strange place in the nighttime, and was greatly shocked, and suffered great mental anxiety, inconvenience, and annoyance, and was greatly delayed in her journey, all to her great damage as aforesaid; and hence this suit.

"Count 2. Plaintiff claims of defendant corporation the sum of $1,000 as damages for that heretofore, to-wit, on the 1st day of January, 1910, the plaintiff was a passenger on a street car operated by the defendant through its agents, servants, or employees, acting within the line or scope of their employment, for the common carriage of passengers, and was wrongfully discharged in the nighttime, at a place that was strange and unusual to her, and at a different place to Annie street, the place of plaintiff's destination, and as a proximate consequence thereof plaintiff suffered great mental anxiety, and physical pain, and inconvenience and annoyance, and was compelled to walk for a long

distance in the nighttime, and was delayed in her journey to a sick relative to whom she was going, to her great damage as aforesaid; hence this suit.

"Count 3. Plaintiff claims of the defendant corporation the sum of $1,000 as damages for that heretofore, to-wit, on the 1st day of January, 1910, plaintiff was a passenger on a street car operated by the defendant corporation, through its servants, agents, or employees, for the common carriage of passengers for hire, and defendant's conductor in charge of the car upon which plaintiff was a passenger willfully, wantonly, or intentionally directed plaintiff to alight, in the nighttime, at a place that was strange to the plaintiff and that was not the place of her destination, and said conductor knew and was conscious of the fact, at the time, that if plaintiff was put off, in the nighttime, at a strange place, she would suffer great mental distress, inconvenience, and annoyance, but, notwithstanding such knowledge and consciousness on the part of the conductor, he willfully, wantonly, or intentionally caused the plaintiff to alight at a different place to the place of her destination, to her great damage as aforesaid; and hence this suit."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. Count 1 of the complaint was subject to the demurrers interposed.—*Ensley Ry. Co. v. Chewning*, 93 Ala. 25; *Broyles v. C. of Ga.*, 166 Ala. 317; *Republic I. & S. Co. v. Williams*, 53 South. 76. The court erred in overruling demurrers to count 2.—*Gordon v. T. C. I. & R. R. Co.*, 164 Ala. 205. The court erred in overruling demurrers to count 3.—*Martin v. U. S. & N. R. R. Co.*, 163 Ala. 216; *M. & C. R. R. Co. v. Martin*, 117 Ala. 382.

[Birmingham Railway, Light & Power Co. v. McDaniel.]

ALLEN & BELL, for appellee.  A complaint sufficiently states a cause of action for negligence if it contains very general averments little short of mere conclusions of a want of care and subsequent injury, without stating in detail the facts which constitute the negligence complained of.—*K. C. M. & B. R. Co. v. Flippo,* 138 Ala. 487; *L. & N. R. R. Co. v. Orr,* 121 Ala. 389; *Crockers' Case,* 95 Ala. 412; *Armstrong, Admrx., v. Mtg. St. Ry.,* 123 Ala. 233.  The allegation that the plaintiff was a passenger is an allegation of fact and not a conclusion, and when the facts alleged show a failure to deliver plaintiff at the point of destination, this was sufficient to give rise to the duty, a breach of which is relied on. —*Armstrong, Admrx., v. Mtg. St. Ry. Co., supra; L. & N. R. R. Co. v. Jones,* 83 Ala. 376; *Bessemer Land & Imp. Co. v. Campbell,* 121 Ala. 50; *L. & N. R. R. Co. v. Orr, supra; Memphis & Charleston R. R. Co. v. Martin,* 117 Ala. 367.  When the gravamen of the action is the alleged nonfeasance or misfeasance of another, it is sufficient for the complaint to aver facts out of which the duty springs and that the defendant negligently failed to do and perform what under the circumstances alleged was required of it.—*So. Ry. v. Burgess,* 143 Ala. 364; *B'ham Ry. Co. v. Adams,* 146 Ala. 267.  The whole complaint must be construed together and when this is done the sufficiency of each of the counts will appear. —*L. & N. R. R. Co. v. Jackson,* 166 Ala. 655.

PELHAM, J.—The averments of the first and second counts of the complaint can be construed as alleging the relation of passenger and carrier between the parties to the suit in such a way as to show the duty owing from the latter to the former growing out of such a relationship to have been breached by a wrong done by the defendant, or its conductor, and under the established

rule in this state permitting general averments of the breach or wrong complained of in terms but little short of legal conclusions, where a relationship out of which a duty arises is shown to exist, the demurrers interposed to these counts were properly overruled.—*Birmingham Ry. Co. v. Adams,* 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27; *Southern Ry. Co. v. Burgess,* 143 Ala. 364, 42 South. 35; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 23 South. 231; *Armstrong v. Montgomery Street Ry. Co.,* 123 Ala. 233, 26 South. 349.

The third count of the complaint, however, was clearly subject to the demurrers interposed to it. Construing the allegations of this count most strongly against the pleader, the act of the conductor complained of in putting the plaintiff off at another place than her destination could have been induced by a request upon her part to be put off at that place. The act of the conductor in putting the plaintiff off at this place is not alleged to be wrongful, nor will the averment that it was willfully, wantonly, or intentionally done carry with it such an allegation, by inference or otherwise, when the count is being tested by demurrer and its allegations to be construed most strongly against the pleader. This count makes no averment and contains no facts disclosing the plaintiff's right to be carried by the defendant company to the particular place styled in the complaint as "the place of her destination," and it is not averred, nor is it shown by the facts stated, that any duty rested upon the defendant to carry the plaintiff to the point of her destination. It is not shown or alleged that the plaintiff's destination was on the defendant's line of railroad, or that the defendant's conductor had any information or knowledge with respect to the plaintiff's destination, or that such want of information or knowledge was due to negligence on the part of the

defendant or its conductor. It does not appear from the allegations of this count of the complaint that the plaintiff paid her fare to this place alleged as her destination, or informed the conductor of it, or of the place she desired or intended to make the end of her journey, or at which she wanted to disembark from the car. For aught that appears from the allegations of this count of the complaint, it may be that the plaintiff's destination referred to was not on, but off of or beyond, the defendant's car line, and that the plaintiff was directed to get off or was put off by the conductor at a point on defendant's line of railroad of her own choice and at her own request. It does not appear but that plaintiff was carried to the point on defendant's car line nearest to the place of her destination, and was put off there, even though a strange place to her, because of her desire to be put off at that place. The allegation that this was a strange place and known by the conductor to be strange to the plaintiff, and that the conductor intentionally (willfully or wantonly adds nothing as used in this connection) put the plaintiff off at this place, when no duty resting upon the defendant is averred or shown to carry the plaintiff to the place of her destination, and that place is not so much as shown to be known to the conductor or to have been on the defendant's railroad, does not state facts showing a breach of duty by the defendant or a wrongful act of its conductor and, in the absence of any general allegation that the act was wrongful, is insufficient. There being no allegation that the act complained of was wrongful, and no facts stated showing a wrong or breach of duty, or from which such a conclusion could be drawn under the recognized rules of construction, the defendant's demurrers to this count should have been sustained.

This case is before us on the record without a bill of exceptions, and no errors are assigned except those we have discussed.

Reversed and remanded.