[Birmingham Railway, Light & Power Company v. M. Elmit.]

# Birmingham Railway, Light & Power Company *v.* M. Elmit.

*Carrying Passenger Beyond Destination.*

(Decided January 16, 1913.  60 South. 981.)

1. *Carrier; Passenger; Complaint; Duty to Stop.*—A complaint alleging that plaintiff's destination was a certain point on defendant's line, and that defendant's servants or agents negligently failed to stop the car, as it was their duty to do, at such place long enough for her to alight, whereby she was carried past it, was not sufficient because it failed to state facts showing a duty to stop there, or that it was a regular or customary stopping place, or that said servants or agents had agreed or consented to stop there.

2. *Same.*—A similar count for wilful negligence was insufficient as failing to show a duty, etc., to stop.

3. *Same; Instruction.*—Where the action was by a passenger for being carried beyond her destination, a charge asserting that the burden of showing she was a passenger, was on the plaintiff, and if by defendant's negligence she was made sick or inconvenienced, then the burden shifts to the defendant to rebut its alleged negligence, is an inaccurate statement; the burden remaining with plaintiff until she adduced evidence of the negligence or breach of duty alleged, and of the alleged consequent injury to her.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Mildred Elmit, pro ami, against the Birmingham Railway Light & Power Company, for damages, for being carried beyond her destination. Judgment for plaintiff and defendant appeals. Reversed and remanded.

For a summary of the pleadings not set out in the opinion, see the companion case of *Birmingham Railway, Light & Power Company v. Howard Elmit, infra,* 60 South. 982.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court erred in overruling demurrers to the 1st and 2nd counts.—*T. C. I. & R. R. Co. v.*

*Smith,* 55 South. 620. The 3rd count was very suscepti-
ble to the demurrer.—*B. R. L. & P. Co. v. McDaniel,* 59
South. 334; *Merrill v. Sheffield Co.,* 169 Ala. 242; *Mar-
tin v. U. S. & N. R. R. Co.,* 163 Ala. 218; *M. & C. v. Mar
tha,* 117 Ala. 367; *R R. Co. v. Crocker,* 95 Ala. 412. On
these same authorities demurrers should not have been
sustained to plea 4. The court misplaced the burden of
proof in its charge, rendering the same an inaccurate
statement of the law.

W. R. BLEVINS, and J. B. AIRD, for appellee. This
case should be affirmed on the authority of *Stringer v.
Ala. Mid. Ry.,* 99 Ala. 397.

WALKER, P. J.—The second count of the complaint,
after averring that the defendant was a common carrier
of passengers for hire or reward, by means of cars oper-
ated by electricity, which said cars, among other places,
ran on a street in the city of Birmingham, Ala, known
as Twentieth street; that on the 24th day of December,
1909, the plaintiff became a passenger on one of the cars
of the defendant, and that her destination was the
Louisville & Nashville station on said line of the defend-
ant; attributed an alleged injury to the plaintiff to the
wrongful and negligent failure of the conductor in
charge of the car to stop said car, as it was his duty to
do so, at said Louisville & Nashville Railroad station a
sufficient length of time to allow plaintiff to alight from
said car, it being alleged that plaintiff was wrongfully
and negligently carried by said station for one block,
when she got off said car during a heavy fall of rain, etc.
This count was demurred to upon grounds, among oth-
ers, suggesting the failure of its averments to show with
sufficient certainty what duty the defendant owed the
plaintiff, or wherein or how the defendant violated any
duty which it owed to the plaintiff. It is a settled rule

of pleading in this state that a plaintiff counting on the alleged nonfeasance or misfeasance of another must, by appropriate averment of facts or circumstances, show the existence of the duty of the breach of which complaint is sought to be made, and that a statement of the pleader's conclusion that such a duty existed cannot be accepted as a substitute for averments of the facts out of which the duty is supposed to have arisen.—*Tennessee Coal, Iron & R. Co. v. Smith,* 171 Ala. 251, 55 South. 170; *Birmingham Ry., Light & Power Co. v. Anderson,* 3 Ala App. 424, 57 South. 103. Applying that rule to the averments of the count under consideration, it must be held that it was incumbent upon the plaintiff to aver facts or circumstances giving rise to a duty on the part of the defendant to stop the car, at the place referred to as the Louisville & Nashville Railroad station, for a sufficient length of time to enable the plaintiff to alight at that place. We think that there was a failure to make such averments. It was not averred either that that was a regular or customary stopping place for the car upon which the plaintiff took passage, or that the defendant agreed or consented to afford the plaintiff the opportunity to get off the car at that place. While it was averred that that place was the plaintiff's destination, facts were not averred from which the legal conclusion would be deducible that it was the defendant's duty to afford the plaintiff the opportunity to get off the car at that place. The averments of the count would have been sustained by evidence having no tendency to prove that it was the defendant's duty to the plaintiff to stop the car at all at a place short of that at which she in fact alighted. For anything shown by the averments of the count the place referred to as the Louisville & Nashville Railroad station may not have been a place at which a passenger had any reason to expect to have

an opportunity to get off. The count, failing properly to show the existence of the duty claimed to have been breached, was subject to the demurrer pointing out its deficiency in this respect, and the court erred in over-ruling that demurrer.—*Tennessee Coal, Iron & R. Co. v. Smith, supra; Birmingham Ry., Light & Power Co. v. Anderson, supra; Birmingham Ry., Light & Power Co. v. McDaniel, infra,* 59 South. 334.

The fourth count follows the language used in the second count, except that the failure of the conductor to stop the car at the place mentioned was alleged to have been willful or wanton. That amounted to no more than saying that the conductor willfully failed to do a thing not shown to have been his duty to do. This count also was subject to the demurrer because of its failure to show the existence of the duty claimed to have been breached.

We are not of opinion that either of the other counts of the complaint was subject to demurrer on any of the grounds assigned against it.

In the course of its oral charge to the jury the court stated: "Now the law places upon the plaintiff the burden of reasonably satisfying you of the fact that she was a passenger on that car that day; in other words, establishing the relationship between passenger and common carrier, and by the negligence of the defendant she was made sick and inconvenienced, all of which was the proximate result of having to take a walk through the water and through the rain which was then falling." Immediately following this statement was a statement to the effect that, when this is done, the burden shifts to the defendant to rebut the alleged negligence of the defendant, to which latter statement an exception was reserved. It is apparent that the statement of the court as to when the burden of proof is shifted to the defend-

ant was an inaccurate one, as the burden assumed by a plaintiff in such case remains upon him until he adduces evidence, not merely of the existence of the relation of passenger and carrier and of some negligence on the part of the defendant, but of the negligence or breach of duty alleged and of an alleged consequent injury to the plaintiff.

It is not deemed necessary to consider other questions presented, as they are such as are not likely to arise on another trial.

Reversed and remanded.