[Birmingham Railway, Light & Power Company v. McLeod.]

# Birmingham Railway, Light & Power Company *v.* McLeod.

### *Carrying Passenger Beyond Destination.*

(Decided December 18, 1913.   64 South. 193.)

1. *Carirers; Passengers; Punitive Damages.*—Malice is the basis of punitive damages in an action for intentionally and wantonly carrying a passenger past his destination.

2. *Same; Intentional or Wanton Injury.*—The complaint examined and held to aver merely that the act was intentionally done, and therefore insufficient to allege that the act was malicious or even wrongful in that it did not allege a breach of defendant's duty.

3. *Negligence; Pleading; Wantonness, Willfulness.*—Malice is inferred from either an intentional or wanton infliction of injury; wantonness being a reckless indifference to consequences known to be the probable result, the law ascribes to it the same culpability as to willfulness where it is intended that the injury should result. And while willfulness or wantoness in inflicting an injury may be averred in general terms without setting out facts relied upon to constitute either, yet a count predicated upon either and undertaking to state the facts must state facts sufficient in law to show that the injury was wantonly or intentionally and wrongfully done.

4. *Pleading; Disjunctive and Alternative.*—Counts based on disjunctive or alternative averments must be so framed that each alternative presents a good cause of action, since a charge in the disjunctive is never stronger than the weakest alternative averred.

5. *Same; Construction.*—Pleadings are construed most strongly against the pleader.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Robert A. McLeod against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1, after stating that defendant was a common carrier of passengers by means of a car propelled by electricity upon a railway from a certain point in Bessemer to and by Thirty-Second street, in Bessemer, to Birmingham, Ala., and that on, to wit, the 24th day of December, 1911, plaintiff became and was defendant's

[Birmingham Railway, Light & Power Company v. McLeod.]

passenger, to be carried by it from said certain point in Bessemer to Thirty-Second street, alleges that it became and was the duty of defendant to afford plaintiff a reasonable opportunity to alight from said car at his point of destination, but, notwithstanding said duty, defendant carried plaintiff a long distance past his destination, to wit, three miles, and, as a proximate consequence thereof plaintiff had to leave said car at an unsuitable place for so doing, and plaintiff was put to great trouble, inconvenience, and expense in walking and having to pay to be carried back to his said destination. Here follows catalogue of injuries and damages claimed. Plaintiff avers that defendant's servant or agent in charge or control of said car, acting within the line and scope of his authority as such, wantonly or intentionally caused plaintiff to suffer said injuries and damages by wantonly or intentionally carrying plaintiff a long distance past his said destination, well knowing that so to do would cause great inconvenience and damage. The demurrers raise the propositions discussed in the opinion.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The court was in error in overruling demurrers to count 1 of the plaintiff.—*B. R., L. & P. Co. v. McDaniel,* 59 South. 334; *L. & N. v. Markee,* 103 Ala. 160; *City D. Co. v. Henry,* 139 Ala. 161. There is a joinder of simple and wanton negligence in the same count.—*L. & N. v. Orr,* 121 Ala. 499; *B. R., L. & P. Co. v. Lee,* 153 Ala. 82; *Sheffield Co. v. Merrill,* 169 Ala. 252. Where a count contains disjunctive alternative averments, each alternative must state a cause of action.—*C. of Ga. v. Foshee,* 125 Ala. 200; *B. R., L. & P. Co. v. Brown,* 150 Ala. 327. Special attention is called to this last case.

[Birmingham Railway, Light & Power Company v. McLeod.]

HARSH, BEDDOW & FITTS, for appellee. Count 1 was sufficiently certain to a common intent.—*B. R., L. & P. Co. v. McCurdy*, 172 Ala. 488; 33 Cyc. 73. The extreme contention of appellant is not supported by the case of *B. R., L. & P. Co. v. McDaniel*, 59 South. 335, or by the case of *B. R., L. & P. Co. v. Brown*, 150 Ala. 327. The count was sufficient, and not subject to the demurrers.—*Mont. St. Ry. Co. v. Lewis*, 148 Ala. 134; *Russell v. Huntsville Ry., L. & P. Co.*, 137 Ala. 627; *Tuscaloosa B. R. Co. v. Maxwell Bros.*, 171 Ala. 323; *B. R. & E. Co. v. Baker*, 132 Ala. 514; *H. A. & B. v. Robinson*, 28 South. 28; *L. & N. v. Brown*, 121 Ala. 221; *So. Ry. v. Guyton*, 122 Ala. 231, and cases cited.

THOMAS, J.—The reporter will set out count 1 of the complaint, the overruling by the court of a demurrer to which is here assigned as error by the defendant.

We are of opinion that the demurrer should have been sustained. The count, it will be observed, is predicated, not upon negligence, but upon wantonness or willfulness in inflicting the injury. It avers in the alternative that defendant's servant in charge of the car, acting within the line and scope of his authority as such, "wantonly or intentionally caused plaintiff to suffer said injuries and damage by wantonly or intentionally carrying plaintiff a long distance past his destination."

In the case of *Memphis & Charleston R. R. Co. v. Martin*, 117 Ala. 382, 23 South. 237, our Supreme Court, speaking through Coleman, J., say: "The mere intentional omission to perform a duty or the intentional doing of an act contrary to duty, although such conduct be culpable and result in injury, without further averment, falls very far short of showing that the injury was intentionally or wantonly inflicted. Unless there was a purpose to inflict the injury, it cannot be said to

be intentionally done; and unless an act is done, or omitted to be done, under circumstances known to the person that his conduct is likely to, or probably will, result in injury, and, through reckless indifference to consequence, he consciously and intentionally does a wrongful act, or omits an act, the injury cannot be said to be wantonly inflicted." These principles have been frequently enunciated by that court.—*So. Ry. Co. v. Bunt,* 131 Ala. 595, 32 South. 507; *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 266, 32 South. 735; *B. R., L. & P. Co. v. Brown,* 150 Ala. 329, 43 South. 342. In other words, malice is the basis for the infliction of punitive damages in the class of actions here under consideration. It is necessarily inferred from either an intentional or wanton infliction of the injury—the law ascribing to wantonness, which is characterized, as seen, by a reckless indifference to consequences known to probably result, the same degree of culpability as it does to willfulness, where it is intended that the injuries should result; but malice is not necessarily inferred from the mere intentional doing of even a wrongful act. If so, nearly every trespass would form a basis for punitive damages.—*Wilkinson v. Searcy,* 76 Ala. 181. And while it is true that willfulness or wantonness in inflicting the injuries may be, like negligence, averred in very general terms, without setting out the facts relied on to constitute either (*So. Ry. Co. v. Weatherlow,* 153 Ala. 175, 44 South. 1019), yet, where a count, predicated on either, undertakes to state the facts, it must state such facts as are sufficient in law to show that the injury was wantonly or intentionally and wrongfully inflicted *Va. Car. Chem. Co. v. Mayson,* 7 Ala. App. 588, 62 South. 253.)

Here, as will be observed from the quotation before made from the count under consideration, it is averred that the defendant's servant wantonly or intentionally

caused the injury "by wantonly or intentionally carry-
ing plaintiff a long distance past his destination." This
amounts to no more than an averment that the act in
carrying plaintiff past his destination was wantonly
or intentionally done.—*B. R., L. & P. Co. v. Brown,* 150
Ala. 331, 43 South. 342. An allegation that an act was
wantonly done probably imports that it was wrongfully
and maliciously done; but an allegation that an act
was intentionally done does not even import that the act
was unlawfully or wrongfully done, and much less that
it was maliciously done.—*L. & N. R. Co. v. Mason,*
4 Ala. App. 362, 58 South. 963. The rule is that counts
based, as the one here, on alternative averments must be
so framed that each alternative presents a good cause
of action, else the count is bad in toto, because a charge
in the disjunctive is never stronger than the weakest
alternative averred.—*B. R., L. & P. Co. v. Ely,* 62 South.
816; *State v. Nix,* 165 Ala. 126, 51 South. 754. The al-
ternative averment that the alleged act of defendant in
carrying plaintiff past his destination was intentional-
ly done not only fails to show that the act was mali-
cious, but even fails to show that it was wrongful, as
seen; nor does any other averment of the count show
either, if we omit from consideration, as we must, the
disjunctive averment that the act was wantonly done.
Leaving out of consideration, of course, for reasons
hereinbefore stated, the alternative averment that it
was wantonly done, the only averment of the count
tending to show it was even wrongful in the following:
"That it was and became the duty of defendant to al-
low plaintiff a reasonable opportunity to alight from
said car at his said destination, to wit, Thirty-Second
street; but, *notwithstanding said duty,* defendant car-
ried plaintiff a long distance past said station," etc. It
is not alleged, as seen, that this duty was breached;
but, for aught to the contrary appearing in the count,

the defendant may have discharged said duty by stopping the car at the station named a sufficient length of time to allow a reasonable opportunity to alight, and plaintiff may have neglected to avail himself of the opportunity, or he may have from choice, changing his mind from its original intention after the car stopped, desired to remain on the car, and did so. In either event the carrying of him past said destination named would not be wrongful, although intentional.—*B. R., L. & P. Co. v. McDaniel,* 6 Ala. App. 322, 59 South. 334. Pleadings are construed most strongly against the pleader, and we are of opinion that the allegations of the count are not sufficient to show even a breach of duty. The facts it states are as consistent with a performance as with a breach of the duty alleged. Whether the car stopped at the station named a sufficient length of time to allow a reasonable opportunity to alight, which was the duty alleged, is not shown; but it is merely alleged that, "notwithstanding said duty" (which may or may not have been performed, for aught appearing in the count), defendant intentionally carried plaintiff a long distance past said station (which may have been rightfully or wrongfully done, dependent, as seen, on facts not disclosed in the count). The count should have alleged in effect or substance that, notwithstanding said duty, *which was breached,* or *which defendant failed to perform,* defendant wrongfully carried plaintiff a long distance past his station. This followed by the subsequent averments, as found in the count, that the injury was wantonly or intentionally inflicted—if stopping there, without alleging how— would have shown both wrong and malice on the part of defendant in inflicting the injuries complained of. But, under the count as at present framed, plaintiff was entitled to recover if he merely proved the disjunctive that defendant intentionally carried him past his destina-

[Central of Georgia Ry. Co. v. Mathis.]

tion, even though the act was neither wrongful nor malicious—even though it was done with plaintiff's consent.

The demurrers, we think, sufficiently pointed out some of the defects of the count, and should have been sustained. The judgment is therefore reversed.

Reversed and remanded.