# Birmingham Railway, Light & Power Co. v. Williams.

### Carrying Passenger Beyond Destination.

(Decided February 10, 1914.  64 South. 642.)

*Carriers; Passengers; Complaint; Willfulness.*—A complaint charging that defendant's street car conductor negligently started the car forward without allowing plaintiff to alight at the point she desired to leave the car, and that the injury was due to "the willfulness or wantonness, or the gross carelessness or gross negligence of the conductor" in signalling the car to go ahead, was not sufficient as charging that the injury was wantonly or intentionally inflicted.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Hester Williams, individually, and as next friend to Mamie and Luke Williams, against the Birmingham Railway, Light & Power Company, for damages for carrying them as passengers beyond their destination. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts made by the complaint are that defendant was a common carrier of passengers for hire by means of cars propelled by electricity in the city of Birmingham, and that at a certain time plaintiff and her children, who are minors, took passage on one of the cars operated by defendant on the North & South Highlands car line, paid the conductor their fare, and requested him to put them off at the Louisville & Nashville depot, which was a regular stopping place for the cars. It is then alleged that it was the duty of the conductor to do so, but through his carelessness, and with reckless disregard of plaintiff's rights, carelessly and negligently carried plaintiff and her children a city block beyond

their destination, across a great number of dangerous railroad tracks, 13 in number, where trains are constantly passing and repassing in great numbers; that it was raining, the streets were full of water, and plaintiff and her children were made wet, and suffered with cold.

Count 2 is similar to 1 as to the statement of facts, and alleges that the conductor had full knowledge that plaintiff and her children desired to get off of the street car at the Louisville & Nashville passenger depot, and while they were attempting to do so, but before they had had time or opportunity to get off, the conductor or agent who was in charge of said car, and whose duty it was to see that plaintiff and her children did get off said car at said depot, did wantonly, willfully, and by his gross carelessness or gross negligence in not ascertaining whether plaintiff and her children had gotten off said car safely, signaled said car to go ahead; and plaintiff avers that said car did go ahead, and avers that the willfulness, or wantonness, or the gross carelessness, or gross negligence in signaling the car to go ahead was the proximate cause of the injuries suffered by plaintiff and her children.

Count 3 alleges as a basis for the claim of damages the same facts as alleged in count 1, with the allegation that the conductor in charge of said car negligently or wrongfully failed to stop the car at the station a sufficient length of time to permit plaintiff and her children to get off, and negligently and wrongfully carried them beyond their destination.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The averments of the complaint were not sufficient to charge the wilful or wanton conduct, claimed.—*Merrill v. Sheffield Co.*, 169 Ala. 242; 132 Ala. 480; *L. & N. v. Brown*, 121 Ala. 226; *L. & N.*

*v. Cornelius,* in MSS; *A. G. S. v. Burgess,* 119 Ala. 563; *A. G. S. v. Gilbert,* in MSS. The averments of the count were undoubtedly ambiguous, repugnant and inconsistent.—*Stringer v. Ala. Min. R. R. Co.,* 99 Ala. 397.

WILLIAM R. BLEVINS, and J. B. AIRD, for appellee. This case should be affirmed in all its aspects upon the authority of *Stringer v. Ala. Mid. R. R. Co.,* 99 Ala. 397.

PELHAM, J.—This appeal grows out of a trial had in the court below, in which the appellee, as plaintiff in that court, brought suit to recover damages of the appellant under a similar state of facts and circumstances, based on the same transaction, and the plaintiff's injuries attributed to the same wrongs, as complained of in the suits heretofore before this court reported as *B. R., L. & P. Co. v. M. Elmit,* 6 Ala. App. 653, 60 South. 981, and *B. R., L. & P. Co. v. Elmit,* 6 Ala. App. 657, 60 South. 982.

The complaint on which this case was tried is in three counts, and, acting evidently on the idea that one of these counts charges wantonness or willfulness on the part of defendant's employees in causing or inflicting the injury complained of, the court below sustained demurrers to the defendant's plea of contributory negligence as an answer to the second count, and refused to charge the jury at the written request of the defendant that they could not award plaintiff punitive damages. The first and third counts of the complaint clearly do not charge wantonness or willfulness, but rely upon allegations attributing plaintiff's injury to acts of simple negligence on the part of defendant's employees. The second count is grounded upon the same facts and conduct of the defendant's employee in starting the car forward, and not allowing plaintiff to alight at the point

or place where she desired to leave the car, and carry-
ing her a block beyond her intended destination, as
averred in the first count, but ascribes the injury to
"the willfulness, or wantonness, or the gross care-less-
ness, or gross negligence" of the defendant's employee
in signaling the car to go ahead. The facts averred in
the second count of the complaint, construed (as is the
settled rule) most strongly against the pleader, in con-
nection with the alternative averments that it was the
"willfulness, or wantonness, or the gross carelessness,
or gross negligence" of the conductor in signaling the
car to go ahead that caused the injury to plaintiff, show
no more than simple negligence.—*Stringer v. Ala. Min.
R. R. Co.,* 99 Ala. 397, 13 South. 75; *L. & N. R. R. Co.
v. Orr, Adm'r,* 121 Ala. 489, 26 South. 35; *B. R., L. &
P. Co. v. Ehmit,* 6 Ala. App. 657, 60 South. 982. As said
in the case of *L. & N. R. R. Co. v. Brown, Adm'r,* 121
Ala. 221, 226, 25 South. 609, 611, by McClellan, C. J.,
in speaking for the court on the question of averment
necessary to charge willfulness or wantonness: "To
the implication of willfulness, or wantonness, or reck-
less indifference to probable consequences, it is essen-
tial that the act done or omitted should be done or omit-
ted with a knowledge and a present consciousness that
injury would probably result and this consciousness is
not to be implied from mere knowledge of the elements
of the dangerous situation, for this the party charged
may have, and yet act only negligently and inadvertent-
ly in respect of the peril; but it must be alleged, either
in terms that he willfully, or wantonly, or with reckless
indifference failed to discharge the duty resting upon
him or that he was at the time conscious that his course
would probably result in disaster. Of course these nec-
essary averments may be proved by the cirumstances
—the jury may, in a proper case, infer such conscious-

ness, willfulness or wantonness from his knowledge of the existing perilous conditions; but that this may be done is no excuse for the pleader's  pretermission  of their averment." This rule was approvingly referred to and quoted in *L. & N. R. R. Co. v. Banks, Adm'r,* 132 Ala. 471, 480, 31 South. 573. Certainly the count under discussion does not state facts sufficient in law to show that the injury was wantonly or intentionally inflicted. See *B. R., L. & P. Co. v. McLeod,* 9 Ala. App. 637, 64 South. 193.

For the errors pointed out, the judgment of the lower court must be reversed.

Reversed and remanded.