## Southern Railway Co. *v.* Jarvis.

### *Damages for Obstructing Public Crossing.*

(Decided November 10, 1914.  66 South. 936.)

1. *Tort; Willfulness.*—While it is not always essential to show that a wrongdoer had in mind the particular victim of his wrongful act in order to charge him with misconduct, the injury cannot be said to be wantonly inflicted unless the conduct complained of was with knowledge of the circumstances and conditions as to charge the wrongdoer with knowledge that his conduct would likely or probably result in injury and he consciously and intentionally did the wrongful act with reckless indifference to the consequences.

2. *Railroads; Obstructing Crossing; Willfulness; Burden of Proof.* —Where plaintiff sought to recover punitive damages for an alleged willful obstruction of a road crossing by defendant railroad company for an unreasonable time, the burden was on plaintiff to establish a willful or intentional injury before he could recover punitive damages.

3. *Same.*—Where a traveller on a highway was delayed by the obstruction of a crossing while the engineer, fireman and conductor of the train had gone to a nearby mine to do some switching, proof of the failure of them to return promptly and remove the cars from the crossing without unnecessary delay, not being attributable to unavoidable accident rather than to willful misconduct on their part, was not an evidential fact accessible only to defendant, and where plaintiff had failed to make out a case of willful injury, it was not incumbent on defendant to introduce evidence on that point, and its failure to do so cannot be taken as creating an inference of willful injury in favor of plaintiff after he had failed to make out one for himself.

4. *Same.*—Where the complaint did not allege knowledge on the part of the engineer, fireman and conductor of the conditions and surroundings existing at the time and place which would show a consciousness on their part that their conduct in going to a nearby mine would probably result in injury, and did not allege that the highway obstructed was one which was much or little used, or that the blocking of it occurred at a time when persons would be likely to travel on the highway, or what, if any, knowledge the servants of defendant had concerning such matters, it was insufficient to charge a willful injury.

5. *Same; Punitive Damages; Prejudice.*—Where the only count in plaintiff's complaint attempting to charge willful injury was insufficient for that purpose, but the court submitted to the jury the question of punitive damages, the overruling of a demurrer to such a complaint cannot be said to be harmless to defendant because the complaint might have been good as a count in simple negligence.

APPEAL from Shelby Circuit Court.

Heard befor Hon. HUGH D. MERRILL.

Action by Newton J. Jarvis against the Southern Railway Company, for damages resulting to him from blocking a public road. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count B is as follows:

Plaintiff claims of defendant  *  *  *  damages for that, whereas on or about  *  *  *  defendant was operating a railway through Aldrich, Shelby county, Ala., over which it ran trains of cars propelled by locomotive steam engines, and said Aldrich was a station on said railroad, and plaintiff avers that he was being driven over or along the public road of said county in a buggy on his way to Montevallo, Ala., which road is called or known as the Aldrich road, and plaintiff avers that when the buggy in which he was riding as aforesaid approached the point where the public road intersected said railroad at Aldrich, defendant or its duly authorized agent or agents in control of and operating said train over said road on said day, acting within the line and scope of duty as such agent or agents, wantonly, willfully, or intentionally, wrongfully by means of said train of freight cars, or a number of freight cars, obstructed said highway or public road for an unreasonable length of time, for, to wit, one hour and six minutes, and plaintiff was unnecessarily greatly delayed, was exposed to inclement weather, was greatly vexed and annoyed, and caused to suffer great mental anguish and physical pain, and plaintiff avers that he suf-

[Southern Railway Co. v. Jarvis.]

fered said injuries and consequent damages by reason of and as a proximate consequence of said wrongful obstruction of said public highway or public road as aforesaid.

Count A is similar to count B, except that it alleges simple negligence on the same state of facts.

PETTUS, FULLER & LAPSLEY, for appellant. Count 1 was clearly defective as a wanton count, and even if it be good as a count for simple negligence, still it was subject to the demurrer interposed.—*L. & N. v. Anchors,* 114 Ala. 499; *B. R. L. & P. v. Brown,* 150 Ala. 327; *So. Ry. v. Weatherlow,* 153 Ala. 171; *Neyman v. A. G. S.,* 172 Ala. 606; *C. of Ga. v. Freeman,* 134 Ala. 854; *L. & N. v. Mitchell,* 134 Ala. 265; *M. J. & K. C. v. Smith,* 153 Ala. 127; *L. & N. v. Brown,* 121 Ala. 221; *M. & C. v. Martin,* 117 Ala. 367. The court erred in the admission of evidence as pointed out in assignments 2, 3, 4, and 5.—*Malcolm v. L. & N.,* 155 Ala. 337. Defendant was entitled to the affirmative charge on the question of punitive damages.—*H. A. & B. v. Sampson,* 112 Ala. 325; *Ala. Northern v. Methvin,* 64 Ala. 175, and authorities supra.

RIDDLE, ELLIS & RIDDLE, for appellee. Count B was not subject to the demurrer interposed.—*L. & N. v. Anchors,* 114 Ala. 499, and authorities cited by appellant. Counsel discuss assignments of error relative to evidence, but without citation of authority. Defendant was not entitled to a charge denying the right to punitive damages.—*Tutwiler C. C. & I. Co. v. Nail,* 141 Ala. 377; *Pullman C. Co. v. Lutz,* 45 South. 675.

PELHAM, P. J.—The case was tried on the general issue under counts A and B of the amended complaint. Count B of the amended complaint, filed by the appel-

lee as plaintiff in the trial court. was demurred to by the defendant as not stating a good cause of action for wanton or intentional injury. These demurrers were overruled by the court, and the right of the plaintiff to recover punitive damages under the allegations of this count was submitted to the jury. The defendant asked written instructions, which were refused by the court, to the effect that the jury were not authorized under the allegations of the complaint or the evidence to award punitive damages, count B of the amended complaint being the only count which it is contended will support a recovery of punitive damages.

The record shows the following facts without material conflict: That the plaintiff, a man 70 years of age, while traveling along a public road in a buggy with his son and grandson, going from his home to Montevallo, a distance of about six miles, on a cold, cloudy day in November, upon arriving at a little mining town called Aldrich, where the public road crosses the defendant's railroad, some two miles from Montevallo, was impeded in his progress by the defendant's freight cars blocking the road crossing. No engine was attached to the train of cars, it having been detached and taken with the engineer and conductor in charge to some nearby coal mines, the flagman and brakeman having been left with the cars. One Harrison, a deputy sheriff, who was present, had a conversation with the negro brakeman on the subject, and after this conversation the flagman and brakeman uncoupled the cars and with the aid of a pinch bar moved them so as to clear the crossing and permit the plaintiff to continue on his journey. The plaintiff was detained and unable to get over the blocked crossing for about an hour and six minutes. Neither the engineer nor the conductor, who were off with the engine at the coal mines, is shown to have

known of the plaintiff's situation, but the flagman and brakeman were present and cognizant of the facts.

Count B of the complaint does not charge in terms that the injury was wantonly or intentionally inflicted, but charges that the defendant or its agents in control of and operating said train wantonly, willfully, or intentionally, by means of said cars, obstructed said highway for an unreasonable length of time, to wit, one hour and five minutes, and that plaintiff was thereby greatly delayed, etc., and caused to suffer the damages complained of as a proximate consequence. The averments of this count, it will be seen, are not that the defendant's agents intentionally injured the plaintiff, but that they willfully or intentionally did an act (i. e., left cars across a public road crossing), which resulted in plaintiff's being injured. The count, it would seem, attempts to set up the facts relied on as constituting wantonness. The defendant's agents charged with the act characterized as being willfully or intentionally done were the agents "in control of and operating said train." Clearly the charge is against the conductor and engineer of the train, as a matter of construction and common knowledge, as well as under the facts shown. On the facts shown by the record, to say that the injury was wantonly inflicted by the defendant's agents in control of and operating the train, it would be necessary to hold that a conductor or engineer, one or both, who cuts loose the engine from a train of freight cars and leaves the cars across a public road crossing for an hour and five minutes, while they go in the operation of the master's business to a nearby coal mine to deliver or receive cars, is guilty of inflicting a wanton or intentional injury, although unacquainted with the fact that the plaintiff is in a place where he may be injured as a result of their act. It was not shown that

either the conductor or the engineer had any knowledge of the fact that the plaintiff was being detained by the cars on the crossing, or that either of them knew that he was suffering an injury, or was in a place where he could or was likely to be injured. In fact, it is not shown that either of them knew even remotely where the plaintiff was during the entire time he was being detained.

Although it is not always essential to charge a wrongdoer with willful misconduct to show that he had in mind the particular victim of his wrongful act, the injury cannot be said to have been wantonly inflicted under such circumstances, unless the conduct complained of was with knowledge of circumstances and conditions of such a nature as to charge a wrongdoer with knowledge that his conduct would likely or probably result in injury, and through reckless indifference to consequences he consciously and intentionally does the wrongful act.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 382, 23 South. 231; *So. Ry. Co. v. Bunt,* 131 Ala. 595, 32 South. 507; *Birmingham Railway, Light & Power Co. v. Brown,* 150 Ala. 327, 43 South. 342; *Birmingham Railway, Light & Power Co. v. McLeod,* 9 Ala. App. 637, 64 South. 193.

It does not seem to us to appear that the wrongful act complained of upon the part of the conductor and engineer, of leaving the cars blocking the crossing for such a length of time, can be said to have been intentionally done with reckless indifference to consequences. The substance of the wrongful conduct of the conductor or engineer in charge of operating the train, complained of as constituting a willful or intentional act, goes to the undue and unreasonable length of time they willfully or intentionally allowed the cars to obstruct the crossing, and yet, for aught appearing, the conductor

and engineer intended to return and clear the crossing in a much shorter time, and were detained at the mines and prevented from moving the cars from the crossing at an earlier time by an unavoidable accident to the engine or some other cause not due to their fault, and over which they had no control. If so, then the act of the conductor or engineer in leaving the cars in that position for ,such an unreasonable length of time (the wrongful act complained of) cannot be said to have been intentionally done with reckless indifference to consequences.

The burden was on the plaintiff to make out his case of willful or intentional injury before he was entitled to recover punitive damages. Proof of the failure of the engineer and fireman to return promptly from the mines and remove the cars from the crossing without unnecessary delay, not being attributable to unavoidable accident rather than to willful misconduct on their part, was not an evidential fact accessible alone to the defendant, and, the plaintiff having failed to make out a case of willful injury, it was not incumbent on the defendant to introduce evidence on that point, and its failure to do so cannot be taken as creating an inference in favor of the plaintiff's case of willful injury after he had failed to make one out for himself.—*So. Ry. Co. v. Gullatt*, 150 Ala. 318, 43 South. 577.

So far as the allegations of count B of the complaint go, they do not allege circumstances and conditions as known to the persons charged with having been guilty of the wrongful act that are sufficient to show or support a charge of wanton negligence or willful injury. This count, not .directly charging that the injury was willfully inflicted, but undertaking to state the facts showing this, is lacking in the necessary averments to support such a charge, in that it omits to allege a knowl-

41 CA

edge on the part of the defendant's servants of conditions and surroundings existing at the time and place which would show a consciousness on their part that the conduct complained of would likely or probably result in injury.—*So. Ry. Co. v. Weatherlow,* 153 Ala. 171, 44 South. 1019. It is not only not averred that the injury was consciously or intentionally inflicted upon the plaintiff, but it is not even averred in this count that the highway or public road was one much or little used, or that the blocking occurred at a time when persons would likely or probably be traveling along it, or what knowledge the defendant's servants or agents whose acts are complained of had of these matters, or other like circumstances and conditions existing at the time of the transaction complained of. The defendant's demurrers to count B aptly pointed out its defects as not sufficiently stating a charge of willful injury and should have been sustained.—*C. of G. Ry. Co. v. Freeman,* 134 Ala. 354, 32 South. 778; *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 261, 32 South. 735; *B. R. L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342; *Neyman v. A. G. S. R. R. Co.,* 172 Ala. 606, 55 South. 509; Ann. Cas. 1913E, 232.

It is argued by appellee's counsel that, even though it should be held that count B does not charge a wanton injury, it was a good count in simple negligence, and that the judgment of the lower court should not be reversed. The answer to that contention is that, even should this count be deemed a good count for simple negligence, the trial court submitted it to the jury as authorizing a recovery of punitive damages, and refused the defendant's written charge that punitive damages were not recoverable. With this count considered as a simple negligence count, there was no claim for a recovery of, or basis for awarding, punitive damages.

The act described in the complaint does not show an intentional infliction of the injury, nor did the evidence justify a recovery of punitive damages. The distinction between the case of *Tutwiler C. & C. Co. v. Nail*, 141 Ala. 374, 37 South. 634, and this case is obvious, in that in the *Tutwiler Case* the defendant's employees charged with the wrongful act did not clear the blocked highway for a space of two hours after their attention was called to the delay and injury being suffered by the plaintiff.

We are unable to say, as contended, that the submission of the question of the right of the plaintiff to| recover punitive damages, if error, was without injury. The plaintiff is shown not to have suffered any pecuniary loss, and the court charged the jury at considerable length on the plaintiff's right to recover punitive damages. There is nothing in the amount recovered ($250), considered in connection with the evidence, affording a conclusive presumption that the jury awarded only actual or compensatory damages, and excluding the idea that they added something by way of punishment, as instructed by the court they had the right to do, if they found the injury to have been willfully inflicted.

The rulings on the evidence complained of are without error.

For the errors pointed out, the judgment appealed from must be reversed.

Reversed and remanded.