# Birmingham Ry. Light & Power Co. v. Brown.

## Damages for Injuries to Passenger.

(Decided March 2, 1907.   43 So. Rep. 342.)

1. *Carriers; Personal Injury; Willful or Wanton Injuhy; Pleading.* —A complaint alleging that while plaintiff was leaving defendant's car at a station to which he had been carried therein the servant of defendant in charge or control of the car, acting in the line and scope of his authority as such, wantoly or intententionally caused the car to start to jerk and thereby wantonly or intentionally caused plaintiff to suffer the injuries set out in the first count, does not charge willful or wanton injury, there being no averment of a purpose to inflict the injury.

2. *Damages; Personal Injury; Pleading.*—Under a count alleging that plaintiff was thrown down, his ankle broken, his fott,. lef and other parts of his body cut, bruised, mashed, and otherwise injured, and he was shocked, crippled and disfigured, is proper to allow, proof of a rupture and also that a leg was. broken above the ankle.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Morgan Brown against the Birmingham Railway, Light & Power Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

This was an action for damages by a passenger for injuries received while being transported as such from

Birmingham to Randolph Station on one of defendant's cars operated by electricity. The first count is in simple negligence, and the facts averred therein as to how defendant was injured are sufficiently set forth in the opinion. The second count was in the following language: After claiming damages of $10,000, and setting forth the fact that defendant was operating a car line for the carriage of passengers, "that on the 26th day of February, 1904, defendant carried plaintiff as its passenger on said car to said Randolph Station, and while plaintiff was engaged in or about leaving said car, at or near said Randolph Station, defendant's servant or agent in charge or control of said car, acting within the line and scope of his authority as such, wantonly or intentionally caused said car to start or jerk, and thereby wantonly or intentionally caused plaintiff to suffer" the injuries and damage set out in the first count of the complaint.

The defendant demurred to this count on the following grounds: "It does not appear therefrom that said servant or agent wantonly or intentionally injured plaintiff. It does not appear therefrom that the wanton or intentional starting or jerking of said car would probably result in injury to plaintiff. It fails to aver that said servant or agent had knowledge that the starting or jerking of said car at said time would probably injure plaintiff. Said court alleges a wanton or intentional act, but does not allege a wanton or intentional injury. No facts are therein averred that the wanton or intentional starting of the car was equivalent to the wanton or intentional injury of plaintiff."

The other facts appear in the opinion.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in overruling defendant's demurrer to the 2nd count of the complaint.—*L. & N. R. R. Co. v. Mitchell*, 134 Ala. 261; *M. & C. R. R. Co. v. Martin*, 117 Ala. 382; *C. of G. Ry. Co. v. Freeman*, 134 Ala. 364; *C. of G. Ry. Co. v. Foshec*, 125 Ala. 199. The court erred in admitting evidence as to the rupture under the aver-

ments of injury in the complaint.—*City Delivery Co. v. Henry*, 13 9Ala. 165.

BOWMAN, HARSH & BEDDOW, for appellee.—The court properly overruled the demurrer to the complaint.— *Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 244; *L. & N. R. R. Co. v. Marbury L. Co.*, 125 Ala. 237; *C. of Ga. Ry. v. Foshee*, 125 Ala. 226; *Russell v. Huntsville Ry. L. & P. Co.*, 137 Ala. 629; *M. & C. R. R. Co. v. Martin*, 117 Ala. 381. The court properly refused the charge requested by defendant.—*Rock Island r. Cuinely*, 126 Ill. 408; *Yeager v. Benefield*, 40 W. Va. 484; *Hanson v. Anderson*, 90 Wis. 195; *San Antonio St. R. Co. v. Muth*, 7 Tex. Civ. App. 443; *City Delivery Co. v. Henry*, 139 Ala. 161; *Montgomery v. Lansing City Electric R. Co.*, 103 Mich. 46; *Kleiner v. crd Ave, R. Co.*, 36 N. Y. App. Div. 191; *Joliet v. Johnson*, 52 N. E. Rep. 498; *Fitzpatric v. Gt. W. R. R. Co.*, 12 N. C. 2 B. 645; *Keyser r. Chicago, etc. R. R. Co.*, 60 Mich. 390; *Blake v. Lord*, 16 Gray, (Mass.) 387; *Beath v. Rapid R. C.*, 78 N. W. Rep. 537; *Babcock v. St. Paul R. Co.*, 36 Minn. 147.

HARALSON, J.—In *M. & C. R. R. Co. v. Martin*, 117 Ala. 382, 23 South. 231, it was said, that the intentional doing of an act contrary to duty, although such conduct be culpable and result in injury, without further averment, falls very far short of showing that the injury was intentionally or wantonly inflicted. "Unless there was a purpose to inflict the injury, it cannot be said to have been intentionally done; and unless an act is done, or omitted to be done, under circumstances and conditions known to the person, that his conduct is likely to, or probably will result in injury, and through reckless indifference to consequences, he consciously and intentionally does a wrongful act, or omits an act, the injury cannot be said to be wantonly inflicted."—*Sou. Ry. Co. v. Bunt*, 131 Ala. 595, 32 South. 507; *L. & N. R. R. Co. v. Brown*, 121 Ala. 221; 25 South. 609.

In *C. of G. R. Co. v. Freeman*, 134 Ala. 354, 32 South. 778, the fourth count was held bad which averred that defendant's servant or agent "wantonly or intentionally

ran said train to or upon said crossing at a rapid rate of speed, and as a proximate consequence thereof, said engine or train ran upon or against plaintiff, and he suffered the injuries and damages set out in the first count."

The count in *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 265, 32 South. 735, which was held bad, averred that the servant or agent of defendant, "without proper and sufficient warning or notice of the approach of said engine, wantonly or intentionally ran said engine through said town or village (of Elmore) with great rapidity, and without proper or sufficient warning or notice of the approach of said engine, and as a proximate consequence thereof, said engine ran upon or against said intestate in said town and village, and so injured him that he died." We there said, that while the count avers that the servant or agent of the company in charge of the engine wantonly or intentionally caused the death of plaintiff's intestate, it sets out with particularity in what the wantonness and the intention to inflict the injury consisted, which was, that the engineer "wantonly or intentionally ran said engine through said town or village, with great rapidity and without sufficient warning or notice of the approach of the engine."

In the case now before us, the pleader sets up in what the wantonness or intention to inflict the injury consisted. When analyzed, the averment is, the defendant's agent in charge or control of said car, acting within the line and scope of his authority as such, "wantonly or intentionally caused plaintiff to suffer the injuries and damages set out in the first count of the complaint," in that he "wantonly and intentionally caused said car to start or jerk." This is not an averment, without more, that defendant's servant or agent "wantonly and intentionally caused plaintiff to suffer the injury and damage set out in the first count of the complaint;" but the pleader proceeds to aver in what the wantonness or intentional infliction of the injury consisted, viz., the agent of defendant "wantonly or intentionally caused said car to start or jerk." The count fails to show that defendant's servants consciously started or jerked the

car under circumstances and conditions known to them, that their conduct would likely or probably result in injury to the plaintiff.    There is no averment here of a purpose to inflict the injury, and it cannot be said, therefore, that it was intentionally done; and, unless the act was done under circumstances and conditions known to the person in charge of the engine that his conduct was likely to or probably would result in injury, and through reckless indifference to consequences, he consciously and intentionally did a wrongful act, the injury cannot be said to have been wantonly inflicted.— *Martin's Case,* 117 Ala. 382, 23 South. 231.    Nor in our opinion, do the words "thereby wantonly or intentionally caused plaintiff to suffer the injuries," etc., add anything to the efficaciousness of the count as one charging a wanton or intentional wrong.    The word "thereby," as here used, must be given a natural significance, and is the equivalent of "in that way."—28 Am. & Eng. Ency. Law (2d Ed.) 133.    The second count did not, for these reasons aver wantonness or an intention on the part of the defendant's servant to inflict the injury, and, as a count of this character, was subject to the demurrer interposed to it; nor is it a good count as charging simple negligence.

The count avers that "plaintiff was thrown down, his ankle broken, his foot, leg and others parts of his body cut, bruised, mashed and otherwise injured.    He was shocked, was crippled and disfigured, etc."    The plaintiff's testimony tended to show that he was injured in his groin, where a kernel appeared, which grew larger and terminated in a rupture.    The defendant moved to exclude that part of this evidence which related to plaintiff's groin, because not claimed in the complaint.    The complaint alleged as has appeared, in addition to his broken ankle, and the cut on his foot, and that his leg and other parts of the body were cut, bruised and mashed, that he was otherwise injured, crippled and disfigured.    That allegation is very comprehensive and broad enough to cover the rupture, if that was one of the injuries plaintiff suffered, and the court did not err

in declining to exclude the evidence which related to such injury.

The description of the injury caused by the negligence complained of, was specific and general, as it well might have been and under a declaration alleging that plaintiff was "greatly injured, bruised, wounded and crippled," it may be shown that his leg was broken.— *Yeager v. Bluefield*, 40 W. Va. 484, 21 S. E. 752; *Hanson v. Anderson*, 90 Wis. 195, 62 N. W. 1055; *City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389; 16 Ency. Pl. & Pr. 377.

The charge requested by defendant and refused was that the jury could not award any damages because of the fact, if shown, that the plaintiff's leg was broken above the ankle, because not claimed in the complaint. It is sufficient to say, that the language of the complaint was sufficient to include a broken leg above the ankle joint. It would be very technical to hold otherwise.— *City Delivery Co. v. Henry, supra;* 16 Ency. Pl. & Pr. 377, 379, and notes on those pages.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.