# Southern Railway Co. *v.* Weatherlow.

*Action for Damages for Personal Injury.*

(Decided Nov. 27, 1907.    44 So. Rep. 1019.)

1. *Negligence; Action; Pleading; Wilful or Intentional Injury.*— A complaint alleging that defendant's servants wantonly and recklessly or intentionally inflicted the injury complained of, is not subject to demurrer, either for failure to particularize in what the wantonness consisted, or in alleging wantonness or willfulness in the alternative.

2. *Same; Simple Negligence.*—Although a count alleged that defendant's servants wantonly and recklessly propelled its engine and tender on its track over a certain public crossing and street, etc., but omitted to charge knowledge on the part of such servants of the conditions and the surroundings existing at that time and place, and a consciousness on their part that their conduct would probably result in injury, such counts charge simple negligence.

3. *Same; Defense.*—A count in a complaint which alleges simple negligence only, although containing the words wilful and wanton injury, is open to the defense of contributory negligence.

4. *Evidence; Conclusion.*—The question as to whether or not many or few people use a certain railroad crossing is not objectionable as calling for a conclusion; it is rather a statement of a collective fact.

5. *Same; Ordinance of City; Identification.*—Under section 1822 Code 1896, a code of municipal ordinances was sufficiently identified

to authorize its admission in evidence where it purported on its face to be the code of ordinances and by-laws of the municipal corporation.

6. *Same; Experts; Evidence; Subjects.*—It is not permissible to inquire of a medical expert concerning the extent and character of the injuries a person would have received had he been struck by an engine going from fifteen to twenty miles an hour, as the subject was not one calling for expert testimony.

7. *Appeal; Assignments of Error; Waiver.*—Errors assigned but not insisted on in argument or brief will be deemed to be waived.

APPEAL from Colbert Circuit Court.

Heard before Hon. Jos. H. NATHAN.

Action by Harrington Weatherlow, pro ami, against the Southern Railway Company, for damages alleged to have been received while crossing the tracks of the Southern Railway Company at a public road crossing. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The allegations of the fourth count sufficiently appear from the opinion. The seventh count is in the following words: "Plaintiff claims of the defendant the sum of $2,000 as damages, for that the defendant, on or about the 30th day of September, 1904, was engaged in the business of a common carrier of freight and passengers, in the operation of a railroad from Memphis, in the state of Tennessee, to Stevenson, in the state of Alabama, upon and over which defendant ran engines and trains of cars, and that on or about said day the defendant, in the management of an engine and tender by its servants, wantonly and recklessly propelled its said engine and tender on its tracks over a certain public crossing or street where people were wont to cross and recross in great numbers and with frequency, within the limits of the city of Tuscumbia, Ala., at a dangerous rate of speed, to wit, 20 miles per hour, by which and from which reckless, wanton, and dangerous conduct of defendant's servants and employes in propelling said en-

gine and tender plaintiff was run over by said tender and knocked down, and his skull was crushed and he was otherwise wounded and bruised, while he was crossing the said public crossing or street in the city of Tuscumbia, and as a result of said injuries suffered great mental and physical pain and loss of time, to his damages aforesaid." The pleas interposed to these two counts were the general issue and pleas 3 and 4 of contributory negligence in failing to ascertain before going on the track if an engine or train was approaching the crossing. Demurrers were sustained to these latter pleas on the ground that they were interposed to counts of wanton injury, to which they were no answer.

Defendant objected to the introduction of the code of ordinances and by-laws of the city of Tuscumbia, on the grounds that it was immaterial and incompetent, and because it did not purport to be printed under the authority of the city. On the examination of Palmer it was shown that he was surgeon for the Southern Railway, and had had considerable experience in the observation and treatment of injuries done by trains. The witness was asked the following questions: "What experience have you had as a surgeon in regard to the effect of the hitting or striking of a person standing upon the track of a railroad and being hit by an engine going at the rate of about 15 or 20 miles an hour?" Witness answered: "I have never seen one struck, but I recall six cases said to have been injured in that way." The court sustained objections to the question and answer. The defendant then asked the witness this question: "Where were the persons who were said to have been thus injured?" Answer: "Three of them were on the track, two in a baggage car, and one in the depot when I first saw them." Objection was sustained to this evidence. Defendant then asked the witness: "Doctor, suppose

that train, when it hit Mr. Weatherlow, had been going at the rate of 15 or 20 miles an hour; what, in your opinion, from your observation and experience, would have been the extent and character of the injury he would have received?" Objection was sustained, and defendant asked the witness this question: "Suppose that this train which struck Mr. Weatherlow had been running at a speed of 15 or 20 miles an hour; would it, or not, have suddenly killed him, or what would have been the extent, in your opinion, of the injuries that would have been done him?" Objection was sustained to this question, and the witness was asked: "Is it possible that a person could be hit by a railroad engine, the person thus hit and when hit standing upon the track of the railroad and the engine going at a rate of 20 miles an hour—is it possible that he could have escaped being killed by the engine?" Objection being sustained to this, the following questions were asked: "As to the six cases you referred to a while ago, state how you were informed they were struck?" "How soon after they were struck did you see them?" "Where were they at the time you saw them?" "What was the condition of the bodies when you saw them?" "What knowledge have you as an expert and surgeon which would enable you to express an opinion as regards the effect that the striking of a person on a railroad track would have upon that person by an engine on the railroad going at a rate of speed of 15 or 20 miles an hour?"

HUMES & SPEAKE, for appellant. The 4th count was subject to the infirmity pointed out by the 3rd ground of demurrer.—*Bower's Case,* 110 Ala. 328; *Martin's Case,* 117 Ala. 367; *Brown's Case,* 121 Ala. 221; *Burgess' Case,* 114 Ala. 587; *Mitchell's Case,* 134 Ala. 261; *Burke's Case,* 124 Ala. 604; *Freeman's Case,* 140 Ala.

[Southern Railway Co. v. Weatherlow.]

581; *Perkin's Case,* 132 Ala. 469; *Bank's Case,* 132 Ala. 471; *Foshee's Case,* 125 Ala. 199; *Orr's Case,* 121 Ala. 489. The 7th count is subject to the demurrer interposed to it.—*Glover's Case,* 38 South. 836; *Jacob's Case,* 92 Ala. 187; *Lee's Case,* 92 Ala. 262; *Anchor's Case,* 114 Ala. 492; *Bunt's Case,* 131 Ala. 591, and authorities cited supra. The general affirmative charge requested by the defendant should have been given.—*Shelton's Case,* 136 Ala. 191; *Peter's Case,* 135 Ala. 533, and authorities supra. Charge 12 requested by the defendant should have been given.—*Montgomery St. Ry. Co. v. Wright,* 38 South. 857. Charge 13 should have been given, as well as charges 14 and 19.—Authorities supra.

KIRK, CARMICHAEL & RATHER, for appellee. No brief came to the Reporter.

DOWDELL, J.—The complaint as amended contained eight counts. All of these counts, except the fourth and seventh, were eliminated on rulings by the court favorable to the appellant. The fourth count was not subject to demurrer upon the ground insisted on by counsel for appellant in their brief. This count avers in terms that the servants of the defendant "recklessly and wantonly or intentionally" inflicted the injury complained of. It was not necessary to the sufficiency of the court that it should particularize in what the wantonness or willfulness consisted. Nor was it rendered bad by the averment being in the alternative as to the charge of wantonness or willfulness. Such counts have heretofore been held sufficient by this court.—*Memphis & Charleston R. R. v. Martin,* 117 Ala. 367, 23 South. 231; *A. G. S. R. R. Co. v. Burgess,* 114 Ala. 587, 22 South. 169. And other cases might be cited.

The seventh count, which was intended by the pleader as being one for wanton injury and so treated and considered by the trial court in its rulings, does not directly and in terms charge that the injury was wantonly inflicted, as did the first count, but undertakes to state the facts relied on as constituting wantonness, and in so doing falls short in averments necessary to constitute a good count for wanton injury. The charge is, not that the injury was wantonly inflicted, but that the defendant's servants "wantonly and recklessly propelled its said engine and tender on its track over a certain public crossing or street," etc. It omits to charge knowledge on the part of the defendant's servants of the conditions and surroundings existing at the time and place, and a consciousness on their part that such conduct would likely or probably result in injury. The facts stated constituted the count nothing more than a count in simple negligence.—*Lee's Case,* 92 Ala. 262, 9 South. 230; *Anchor's Case,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 23 South. 231; *L. & N. R. R. Co. v. Brown,* 121 Ala. 221, 25 South. 609; *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 261, 32 South. 735. Count 7, being one in simple negligence, was open to the defense of contributory negligence; and the court, therefore, committed error in sustaining plaintiff's demurrer to the defendant's pleas 3 and 4, addressed to this count, setting up that defense.

There was no error in permitting the witness Bridges to testify, against defendant's objection, whether "many" or a "few" people used the particular crossing. It was in the nature of the statement of a collective fact, and not a conclusion of the witness. It was open for the defendant to inquire on cross-examination what constituted "few" or "many." Nor was there any error in admitting in evidence, against the objection of the de-

fendant on the grounds stated, the code of municipal ordinances of the city of Tuscumbia as to the particular ordinance. The code purported on its face to be a code of ordinances or by-laws of such municipal corporation. —Code 1896, § 1822.

My brothers are of the opinion that the evidence sought to be elicited from the witness Palmer was properly excluded, for the reason that the subject was not one calling for expert evidence, and I do not care to dissent from their views, and therefore yield my assent.

The defendant requested a number of charges in writing, which were refused by the court. While the refusal as to each is assigned as error, all of the assignments are not insisted on in brief, under our view of what amounts to insistence in argument. Some of the changes requested are with reference to the seventh count as being a wanton count, and since, under our view, this count is nothing more than a count in simple negligence, these charges become inapt, and we will not, therefore, consider them.

Under all the evidence, and the inferences deducible therefrom, the question of wanton injury was one for the jury, and the general affirmative charge could not, therefore, be given for the defendant. Moreover, the seventh count being for simple negligence, and there being no plea of contributory negligence in as to this count, the general charge, under the evidence in this case, could not properly be given. Under our ruling other questions now presented may not arise on another trial. Besides, what we have said will, we think, prove a sufficient guide.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.