# Woodward Iron Company, *et al. v.* Finley.

## *Injury to Licensee.*

(Decided November 7, 1914.  66 South. 587.)

1. *Negligence; Injury to Licensee; Complaint.*—In an action for injuries to a licensee on a tram car in a mine, a complaint alleging that the engineer wantonly or wilfully wrecked and derailed the car, but which does not aver that the engineer knew that plaintiff as licensee was on the car, was demurrable because merely characterizing the act, and not the injury as wanton or wilful.

2. *Same; Issues; Evidence.*—Where the complaint alleges that plaintiff was in a place where he had a lawful right to be when injured, and that he was on a tram car used to haul employees of an independent contractor in and out of the mine, while going to his work, it was competent for defendant to prove under the general issue a rule prohibiting employees from riding on the cars.

3. *Appeal and Error; Harmless Error; Pleading.*—Any error in sustaining demurrers to pleas setting up matter available under the general issue, which was pleaded, was harmless.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by A. M. Finley against the Woodward Iron Company and another for damages for injuries to plaintiff as licensee. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

[Woodward Iron Company, et. al. v. Finley.]

The fifth count is as follows: "Plaintiff claims of defendant the further sum of $25,000 damages, and avers defendants Woodward Iron Company, a corporation, and the said Arthur Williams, were engaged in operating an ore mine near Bessemer, Jefferson county, Ala., on, to wit, October 17, 1912, and had and used in their business a system of tram cars propelled by steam power running in and out of the said mine of defendants, and had in their employment an engineer or servant to operate said steam engine and tram cars in defendant's said mine, who controlled and managed the operation of the said tram cars in defendant's said mine by means of a cable connected and attached to the said tram cars and a drum, which said drum was turned and operated by said steam power on the outside of said mine, and on said date aforesaid this plaintiff was on the premises of defendants in one of the said tram cars of defendant's while the same was descending the· slope in said mine, under the license of defendants, and while in said tram car and on his way in said mine to help or perform work for defendant's contractor, Veacher Head, said engineer or servant of defendants, and who was acting within the scope of his authority as such engineer and in charge and control of the said engine and tram cars, wantonly, wilfully, or intentionally wrecked and derailed said tram cars upon which plaintiff was riding into said mine, and plaintiff avers that, by reason of said wanton, willful, or intentional act of said engineer, this plaintiff's body was badly bruised, one of his legs was broken and crushed, he was greatly shocked from which he suffered great mental and physical pain, his leg was permanently damaged and injured, and the capacity of the same decreased and rendered useless to plaintiff for

the balance of his life, he lost time from his employ-ment, he has been rendered less liable to earn money by his labor, the only means of his support, he had to pay large sums for nursing and medical attention, and made to go lame and halt the remainder of his life, all to his great damage as aforesaid.

CABINISS & BOWIE, for appellant.

PINKEY SCOTT, for appellee.

McCLELLAN, J.—Under the authority of *Sou. Ry. Co. v. Weatherlow,* 153 Ala. 171, 176, 44 South. 1019; *Neyman v. A. G. S. R. R. Co.,* 172 Ala. 606, 55 South. 509, Ann. Cas. 1913E, 232; *B. R. L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342, among others cited there-in, count 5 of this complaint, which the reporter will set out, was subject to the demurrer interposed. It was erroneously overruled. Wanton or intentional miscon-duct in doing an act is not the legal equivalent of that character of misconduct inflicting an injury upon an-other. This count, without averring the engineer's knowledge that plaintiff, a licensee, was on the car, al-leges that the engineer "wantonly, or willfully, or in-tentionally wrecked and derailed said tram cars upon which plaintiff was riding into the said mine." Obvi-ously, this averment characterized the act, not the in-jury, as wanton or willful.

Doubtless this count will be amended before another trial, and, if so, the matter of the relation of Arthur Williams to the injuring agency will receive due con-sideration. As the count now stands, it appears to aver that the engineer was the servant of both Williams and appellant. If alleged, that must be proven; else a va-riance would occur.

[Stouts Mountain Coal & Coke Company v. Tedder.]

Counts 1 and 3 contain the averment that the plaintiff was, when injured, in a place where he had a lawful right to be; this succeeding the allegation that he was on a tram car—which was then being used, and had been used, to haul employees of the independent contractor in and out of the ore mine—going to his work. It thus appears that the pleader assumed the unnecessary burden of vindicating plaintiff's right to be on the tram car at the time he was injured. Under the general issue pleaded by the Woodward Iron Company, the subject-matter of pleas 2 to 5, inclusive,—which asserted an effective rule, against employees riding on the cars, as the basis for the contributory negligence charged therein—was admissible to refute the plaintiff's right to be where he was when injured. No prejudicial error to appellant company attended the court's action in sustaining the demurrer to these pleas.

The judgment is reversed and the cause is remanded. Reversed and remanded.

ANDERSON, C. J. and MAYFIELD and DE GRAFFENRIED, JJ., concur.