# Alabama Great Southern Railroad Co. v. Smith.

## Injuries from Collision.

(Decided January 2, 1915.    68 South. 56.)

*Pleading; Negligence; Conclusion; "Aforesaid."*—A count charging that defendant was operating a railroad, that plaintiff was lawfully and rightfully on its premises in the discharge of his duty at the request of defendant, its servants or agents, that such servants or agents acting within the scope of their employment, wantonly and wilfully caused or permitted a collision which threw a car of coal against plaintiff and injured him, and charged that his injuries were the proximate consequence of wantonness and wilfulness of defendant's servants as aforesaid, was demurrable, as the allegation of negligence was merely the conclusion of the pleader, since the reference word "aforesaid" restricted the general averments of wantonness or wilfulness to the circumstances thereinbefore set forth in that connection.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Fred Smith against the Alabama Great Southern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 4 is as follows: Plaintiff claims of defendant * * * damages for that heretofore * * * defendant was engaged in the operation of a railroad in Birmingham, * * * and plaintiff was lawfully, rightfully, and properly on the premises of defendant, in the discharge of his several duties at the instance

or request of defendant, its servants or agents, and defendant's servants or agents, acting within the line and scope of their employment, wantonly or willfully caused or permitted a collision which threw a car of coal upon or against plaintiff, thereby causing him the following injuries; * * * and plaintiff avers that his said wounds and injuries were the proximate consequence and caused by reason of the wantonness and willfulness of defendant's servants or agents as aforesaid.

A. G. & E. D. SMITH, for appellant.

ERLE PETTUS, for appellee.

McCLELLAN, J.—The plaintiff (appellee) was a crossing flagman where the defendant's (appellant's) line of railway crossed the railway line of the Louisville & Nashville Railroad Company. There was a collision between trains of the two companies, as a result of which a car of coal in the latter mentioned company's train, which lay over the railroad crossing, was overturned on plaintiff, injuring him.

According to the apt authority of the following decisions, among others, count 4, which the report of the appeal will contain, was subject to the ground of the demurrer taking the objection that the allegation of negligence was merely the conclusion of the pleader. —*Neyman v. G. S. R. R. Co.,* 172 Ala. 606, 55 South. 509, Ann. Cas. 1913E, 232; *Sou. Ry. Co. v. Weatherlow,* 153 Ala. 171, 44 South. 1019; *B. R., L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342; *Woodward Iron Co. v. Finley,* 189 Ala. 634, 66 South. 587. The averments of the count only characterizes the act or omission, "causing or permitting a collision," as willful or wanton, and then describes the effect of the act or omission,

which alone is characterized as having been done or suffered willfully or wantonly. This effect may have ensued, as doubtless it did, from the act or omission of the character the pleader avers, and yet the operative so charged may not have intended injury to the plaintiff, or may not have been consciously indifferent to the known consequences to probably flow from the act or omission. The injury is shown by the count to have been consequential only, not direct or immediate. It is not averred that, in causing or permitting the collision, the defendant's servant intended to overturn the car of coal on plaintiff or intended in any wise to injure plaintiff. It is not averred that the operative charged with the act or omission alleged knew, at the time he acted or omitted to act, of plaintiff's presence within any possible sphere of danger from the collision, if the impact was caused or permitted by him to occur. The *Brown Case, supra,* succinctly states the pertinent doctrine that has been often applied here. It is unnecessary to reproduce it at this time. The closing sentence of the count added no strength to the preceding allegations of willful or wanton misconduct or omission, since the reference word "aforesaid" restricted the general averment of willfulness and wantonness therein made to the circumstances thereinbefore set forth in that connection.—*B. R. L. & P. Co. v. Weathers,* 164 Ala. 23, 51 South. 303. The court therefore erred in overruling the demurrer to count 4.

For this error, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.