140 So. 768

## J. C. BYRAM & CO. v. BRYAN.
### 6 Div. 988.

Supreme Court of Alabama.
March 31, 1932.

B. F. Smith, of Birmingham, for appellant.

J. K. Taylor and Chas. W. Greer, both of Birmingham, for appellee.

BOULDIN, J.

The action is for alleged personal injuries received by a passenger on a street car in a collision between the street car and a truck driven at the time by an employee of defendant.

Count 2 is a good count for wanton injury, not subject to the demurrer interposed. Alabama Great Southern Railroad Co. v. Burgess, 114 Ala. 587, 22 So. 169; Birmingham R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Barbour v. Shebor, 177 Ala. 304, 58 So. 276; St. Louis & S. F. Ry. Co. v. Dennis, 212 Ala. 590, 103 So. 894; Garth v. Alabama Traction Co., 148 Ala. 96, 42 So. 627; Southern Railway Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Jones v. Keith, 223 Ala. 36, 134 So. 630.

The collision occurred at the intersection of Tenth avenue, or Georgia road, with Fiftieth street in Birmingham. Fiftieth street is paved, and Tenth avenue paved to this intersection. Width about the same, 45 to 50 feet. The street car was moving west on Tenth avenue, and the truck north on Fiftieth street, going down grade toward the intersection.

Evidence for plaintiff tended to show the street car stopped on the east side of the intersection for exchange of passengers, then moved into the intersection, and that the truck, a Mack truck, loaded with five tons of slag, suddenly, and at an estimated speed of thirty miles per hour, ran head-on into the side of the street car, striking the street car about two-thirds the way back, knocking the rear end off the track, and according to one witness, the front wheels also. It was in the daytime, and no traffic or other conditions prevented the normal movement of the vehicle in a safe manner.

The driver of the truck testifies he saw the street car standing at the entrance of the intersection when 75 feet from the intersection; that he could come to a stop at the speed he was going within 30 feet. His version is that on seeing the street car he applied brakes, slowed down, but reached the crossing, or nearly so, before the street car started, and released his brakes to go on across, when suddenly the street car, the motorman looking in a different direction, ran in front of him, too late for him to avoid the collision.

The evidence, which seems without conflict, shows the street car was in the middle of the intersection. Evidence going to the speed it had picked up in connection with other evidence tended to support an inference that the street car entered the crossing while the truck was a safe distance therefrom, that the street car had the right of way, that the driver of the truck was conscious of the situation, yet drove the truck, properly equipped with brakes, headlong into the side of the street car. Wantonness was a question for the jury.

Refusal of affirmative charges on the simple negligence count and on the wanton count were free from error; and for like reason refusal of an affirmative charge as to punitive damages.

There was no error in refusing as evidence, on motion for new trial, the letter of Dr. Moore, the attending physician, in the hands of defendant. There was no showing that it was newly discovered evidence. It was competent, if offered on the trial, only by way of impeachment of Dr. Moore, as a witness for plaintiff, if indeed, it can be considered at variance with his testimony.

Plaintiff suffered no broken bones nor dislocations. The injuries, aside from shock, consisted of rather severe bruises, treated by the family physician in her home for some four or five days, followed by a few examinations at his office. While it appears her athletic activities in school were abandoned, and some soreness persisted for eight or ten months, no evidence discloses a permanent injury.

The amount of the verdict could not be sustained as actual damages; but the jury were dealing also with the evidence of wantonness, and the question of awarding punitive damages as a preventive of that kind of accident, so dangerous to human life. In view of this feature of the case, the verdict of the jury sustained by the trial court cannot be declared palpably and clearly wrong and unjust.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.