142 So. 572

## HARRISON v. FORMBY et al.
### 6 Div. 135.

Supreme Court of Alabama.
May 26, 1932.

Rehearing Denied June 18, 1932.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellees.

KNIGHT, J.

The only question presented for review here is whether or not the court below properly sustained the defendants' demurrer to count B of the complaint as amended.

While it does not appear from any paper filed in the cause that defendants refiled to count B of the complaint as amended the demurrers theretofore filed by them to counts 1 and 2, yet the record shows that the parties in the court below treated the demurrers as refiled to count B of the complaint as amended, and the judgment entry recites: "Plaintiff by leave of the court amends his complaint by filing counts A and B; defendants separately and severally refile all demurrers heretofore filed to counts A and B of the complaint as

amended." And the judgment further shows a submission upon the demurrers to counts A and B, and the overruling of the same as to count A, and the sustaining of the same as to count B. It thus appears that the parties and the court treated the demurrers as refiled to count B, and we shall so consider them here.

We find in brief of appellant this expression: "If the court's ruling sustaining demurrers to count B of the complaint as amended was correct, then this appeal must fail. If the court's ruling was incorrect, then this appeal must prevail."

The suit is against the appellees (defendants in the court below) for an alleged wanton wrong committed by their servant, while acting within the line and scope of his authority as such, whereby, and as a proximate consequence of which, the plaintiff alleges that he suffered the personal injuries catalogued in his complaint. The defendants, upon a number of grounds, demurred to count B of the amended complaint. The sixth and seventh grounds of demurrer are as follows:

"6. For that it does not appear that the defendants wantonly injured plaintiff;"

"7. For that no facts are set up showing that defendant wantonly injured the plaintiff."

Count B of the complaint, as amended, appears in the report of the case, but with the injuries catalogued omitted. It will be observed that the plaintiff charges that the agent, servant, or employee of the defendants, while acting within the line and scope of his authority, "wantonly caused or wantonly allowed" an automobile truck which he was driving for defendants to run upon or against an automobile in which plaintiff was riding; and the plaintiff avers that his injuries were the proximate result of the wanton conduct of said servant, in that the said servant or agent, while acting within the line and scope of his authority, did "wantonly cause or wantonly allow an automobile truck to collide with an automobile in which plaintiff was riding, thereby proximately causing the injuries and damages complained of."

We think it clear, from the foregoing statement as to the averments of count B, that the count was subject to the demurrer interposed, and the court committed no error in sustaining the same.

In the case of Woodward Iron Co. et al. v. Finley, 189 Ala. 634, 66 So. 587, it is said of a count very much like the count under consideration: "Under the authority of So. Ry. Co. v. Weatherlow, 153 Ala. 171, 176, 44 So. 1019; Neyman v. A. G. S. R. Co., 172 Ala. 606, 55 So. 509, Ann. Cas. 1913E, 232; Birmingham R., L. & P. Co. v. Brown, 150 Ala. 327, 43 So. 342, among others cited therein, count 5 of this complaint, which the reporter will set out, was subject to the demurrer interposed. It was erroneously overruled. Wanton or intentional misconduct in doing an act is not the legal equivalent of that character of misconduct inflicting an injury upon another. This count, without averring the engineer's knowledge that plaintiff, a licensee, was on the car, alleges that the engineer 'wantonly, or willfully, or intentionally wrecked and derailed said tram cars upon which plaintiff was riding into the said mine.' Obviously, this averment characterized the act, not the injury, as wanton or willful."

In the case of Alabama Great So. R. Co. v. Smith, 191 Ala. 643, 68 So. 56, 57, this court, in dealing with a count of the complaint, which was also very much like count B, observed: "The averments of the count only characterizes the act or omission, 'causing or permitting a collision,' as willful or wanton, and then describes the effect of the act or omission, which alone is characterized as having been done or suffered willfully or wantonly. This effect may have ensued, as doubtless it did, from the act or omission of the character the pleader avers, and yet the operative so charged may not have intended injury to the plaintiff, or may not have been consciously indifferent to the known consequences to probably flow from the act or omission. The injury is shown by the count to have been consequential only, not direct or immediate. It is not averred that, in causing or permitting the collision, the defendant's servant intended to overturn the car of coal on plaintiff or intended in any wise to injure plaintiff."

To the same effect is the holding of this court in the cases of Jackson v. Vaughn, 204 Ala. 543, 86 So. 469, 470; Knight v. Tombigbee Valley R. Co., 190 Ala. 140, 67 So. 238; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833; Alabama Power Co. v. Gooch, 221 Ala. 325, 128 So. 793; Jones v. Keith, 223 Ala. 36, 134 So. 630.

It follows, therefore, that, as the wanton misconduct complained of and charged in count B was of the act and not of the injury, the demurrer to this count was well taken, and properly sustained by the court.

It results that there is no error in the record, and the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.