147 So. 165

## BIRMINGHAM ELECTRIC CO. v. MANN.
### 6 Div. 296.

Supreme Court of Alabama.
March 23, 1933.

Taylor & Higgins and Chas. W. Greer, all of Birmingham, for appellee.

Lange, Simpson & Brantley, of Birmingham, for appellant.

GARDNER, Justice.

We consider the case of Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768, as authority in support of amended count 2 as against the demurrer interposed thereto, which is distinguishable from those counts where the facts are particularized. Blackmon v. Central of Georgia R. Co., 186 Ala. 635, 64 So. 592; Jones v. Keith, 223 Ala. 36, 134 So. 630; Southern R. Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019.

True, as argued by counsel for appellant, the wantonness here charged must rest upon the servant's or agent's actual knowledge, and, if submission of the wanton count to the jury required "an inference upon an inference," the affirmative charge as to said count was due to be given. Birmingham Electric Co. v. Guess, 222 Ala. 280, 131 So. 883. But such knowledge need not be shown

by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact of actual knowledge is a legitimate inference. Birmingham Ry., Light & Power Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557; Southern Ry. Co. v. Bush, 122 Ala. 487, 26 So. 168.

█ Plaintiff's evidence tends to show that, as she was in the act of boarding the car, the doors closed upon her, and the car began to move with a sudden jerk, and was stopped by signal from some one behind her. The conductor was operating the car for the motorman, who was absent for the moment. A detail discussion of the evidence we deem unnecessary. We have carefully read and considered it in consultation, and conclude that the jury could reasonably find therefrom that the conductor, looking in the mirror, saw plaintiff, and therefore had knowledge of the fact that she was about to board the car. While he denies seeing plaintiff, he admits looking in the mirror at the time, and that he saw the man whom the proof shows was just behind her and who gave the signal to stop, which was obeyed.

A jury question was presented, and the affirmative charge properly refused.

The matter of improper argument of counsel has been given much discussion in our cases (Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389; Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Beaird v. State, 219 Ala. 46, 121 So. 38; Central of Georgia Ry. Co. v. Purifoy [Ala. Sup.] 145 So. 321; [1] Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18), and confessedly involves much difficulty.

█ Reference by counsel that defendant enjoyed a monopoly was of course highly improper, and wholly aside from any issue in the case. On objection the remark was withdrawn, and the trial court admonished the jury that it was irrelevant, no part of the proof, and was not to be considered.

Plaintiff's damages were confessedly not excessive, and it is conceded that her testimony as to her injuries, if accepted for its full face value by the jury, would have justified a larger verdict.

An objection was later interposed to argument of plaintiff's counsel referring to the widowhood of plaintiff. While this fact was in the proof, yet it did not justify an undue use in order to arouse sympathy or create prejudice. As observed, however, in the Beaird Case, supra, the record discloses no otherwise serious prejudicial atmosphere in the trial, and much must be left in such matters to the enlightened judgment of the trial court, with presumptions in favor of the rul-

ing. In the instant case the trial court's remark indicates he understood counsel had withdrawn the objectionable statement, saying he overruled that particular objection "because he passed it." To justify a reversal, we must conclude that substantial prejudice has resulted. 4 Corpus Juris, 957, 958. Upon due consideration, we are not so persuaded, and conclude, therefore, that error to reverse cannot properly be rested upon these rulings.

We have considered the assignments of error argued by counsel, and our opinion is the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

