147 So. 884

## CARUTH v. SPARKMAN.

### 8 Div. 492.

Supreme Court of Alabama.

April 13, 1933.

Rehearing Denied May 18, 1933.

A. J. Harris and Norman W. Harris, both of Decatur, for appellee.

Tennis Tidwell, of Decatur, for appellant.

BOULDIN, Justice.

The action was for damages for injuries to person and property growing out of the collision of defendant's truck with the plaintiff's wagon on a public highway.

The vehicles, each driven by the owner, were going in the same direction on a paved highway; and the collision occurred as the truck was passing the wagon.

Count 2 of the complaint charged that defendant "so willfully or wantonly managed or operated said truck as to cause the same, as a proximate consequence of such willfulness or wantonness, to run into and collide with said wagon in which plaintiff was riding."

This averment is the equivalent of saying defendant wantonly or willfully ran the truck into the wagon in which plaintiff was riding; and was not subject to demurrer on the ground that it states the conclusion of the pleader. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469 (par. 1 of opinion); Alabama Power Co. v. Gooch, 221 Ala. 325 (count 2, p. 326), 128 So. 793; Blankenship v. Van-Hooser, 221 Ala. 542, 130 So. 63; Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768, and cases there cited; Birmingham Electric Co. v. Mann, ante, p. 379, 147 So. 165.

On inquiry, as we read the record, the trial judge properly ascertained a policy of liability insurance in a named company was held by defendant. Evidence that such company was in liquidation, without further evidence that stockholders had no interest therein, did not put the court in error in qualifying jurors as to their interest in such company.

The truck struck the wagon as it turned to the left to pass. The chief issue of fact was whether the wagon suddenly or unexpectedly stopped, or stopped and backed, causing or contributing to the collision. This issue was clearly for the jury. If, in passing an overtaken vehicle on a paved road 18 feet wide, the leading vehicle being well to the right of the center of the road, making no stop or other move to contribute to a collision, the driver of the passing truck with full knowledge of all the conditions, including defective condition of brakes and the character of his load, in full daylight, runs into and collides with the leading vehicle, no outside agency intervening, the question of wantonness was for the jury.

Plaintiff's evidence tended to support the above state of facts, and the affirmative charge on the wanton count was properly refused.

The trial court's definition of wantonness as set forth in assignment of error 41, was not error.

J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461. The charges refused to defendant were fully covered by the given charges and the oral charge of the court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.