157 So. 201

## GRAHAM v. WERFEL.
### 3 Div. 110.

Supreme Court of Alabama.
Oct. 11, 1934.

Rehearing Denied Nov. 8, 1934.

John S. Tilley, of Montgomery, for appellant.

67 So. 283; Maddox v. Jones, 205 Ala. 598, 89 So. 38; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Strickland v. Davis, 221 Ala. 247, 128 So. 233; Ruffin C. & T. Co. v. Rich, 214 Ala. 633, 108 So. 596; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779.

■ Count 2 alleges a direct wanton or willful injury to plaintiff by express terms, and is not dependent upon the claim of a consequential injury resulting from a wanton or willful act not sufficiently related to the injury. The demurrer to it was overruled without error. Buffalo Rock Co. v. Davis, supra; Caruth v. Sparkman, 226 Ala. 594, 147 So. 884; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165; Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768; Harrison v. Formby, 225 Ala. 260, 142 So. 572.

The accident occurred as plaintiff, a boy then past thirteen years, was crossing South Perry street, in the city of Montgomery, near the intersection of Jefferson Davis avenue. The father, mother, and brother, with plaintiff, had traversed Jefferson Davis avenue going west. As that street crosses Perry, there is an offset, so that west of Perry the intersection is approximately one hundred feet south of the intersection east of Perry. One crossing Perry on Jefferson Davis does not have distinctly marked in the street any definite course, nor was an ordinance shown fixing the manner of making the crossing. It was shown to be customary to make a diagonal crossing in a southwesterly direction from approximately the southeast corner on the east side to the northwest corner on the west side of Perry. That was shown to have been the course of travel pursued by the family of plaintiff on this occasion.

■■ The evidence for plaintiff tended to show that before undertaking to cross they stopped at Perry, looked north and south, and saw no cars approaching, then began to cross, and did not again look for cars. In thus crossing their faces were turned southwest, and their backs at an angle to north. Toward the north there was a sharp upgrade, so that they could see only about the distance of a block. Without seeing or hearing the car, defendant's taxi came down Perry from the north behind them at a rapid rate in excess of the city speed limit, when plaintiff and family could be seen for a block, and without slackening speed or warning of any kind ran into them severely injuring plaintiff, his father and mother. The taxi was heavily loaded with six passengers in addition to the driver and several musical instruments. The street was well lighted, and was

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

FOSTER, Justice.

■ Count 1 of the complaint shows a duty owing by defendant to plaintiff, and alleges a negligent breach of that duty, from which plaintiff was injured as a proximate result.

It was not subject to the demurrer interposed to it. Dozier v. Woods, 190 Ala. 279,

one of the most habitually traveled streets in the city at that time of night, to wit, 8:30—all of which was known to the taxi driver.

This evidence, if true, is clearly sufficient to justify a finding of negligence, primary or subsequent, and of a wanton injury to plaintiff. Dozier v. Woods, supra; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Allison Coal & Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9.

The evidence for defendant tended to show that the driver of defendant's taxi saw the Werfel family when he was between fifty and seventy-five feet from them crossing the street; that he put on the brakes of his car and slowed down; that they apparently stopped for him to pass; that he then released his brakes and his car began to increase in speed, when they began to walk fast or trot, going directly in the line of his approach; and that he sounded his horn, turned his car toward the curb, struck a car parked there, but could not then avoid the accident. The defendant also introduced evidence which tended to show that plaintiff possessed the intelligence and discretion of a boy fourteen years of age.

This situation presented a jury question. Their verdict was not contrary to the weight of the evidence, and, in our opinion, should not be vacated.

 In respect to contributory negligence as a defense to the negligence count, there were several questions which properly submitted that issue to the jury. It was for them to find whether plaintiff had the intelligence of a boy fourteen years of age. Southern Exp. Co. v. Roseman, 206 Ala. 681, 91 So. 612; Watson v. Ingalls, 218 Ala. 537, 119 So. 667. Also whether he observed the car approaching when he was in the street, and started across in front of it. Van Sandt v. Brewer, 209 Ala. 131, 95 So. 463; Dozier v. Woods, supra. Also whether his making a diagonal crossing at a place of that sort and at that time was negligence which contributed to his injury.

Assuming that the making of such a crossing is prohibited by law or ordinance, the question of whether it proximately contributed to his injury is for the jury. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 17 A. L. R. 1173; Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Cooper v. Auman, 219 Ala. 336, 122 So. 351; Cooper v. Agee, 222 Ala. 334, 132 So. 173; McCaleb v. Reed, 225 Ala. 564, 144 So. 28; City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430. But it is not shown to be violative of a city ordinance, and no state law so provides.

Charge 31 is confusing and misleading. None of our cases justify a charge in that language, though the principle is sometimes so stated. But it is not a clear statement. Woodward Iron Co. v. Finley, 189 Ala. 634, 66 So. 587.

Charge 33 is substantially the same as charge No. 8 in Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642, and which was there approved. But it is not here applicable. It states that the damages under the count in question are solely by way of punishment. The suit was under the homicide statute, and the damages are solely punitive. But the damages for personal injuries under a wanton count, such as here involved, include those which are compensatory as well as punitive.

We have considered all the assignments, and in our opinion they do not show reversible error, except alone in respect to the amount of damages awarded.

We have reached the conclusion that the award is so excessive that it should not be permitted to stand, and that $6,000 should be and is fixed as the maximum which we can affirm. The judgment is affirmed on the condition that appellee shall file in this court a remittitur of the excess, to be done within thirty days. If the remittitur is not so filed, the judgment will stand reversed and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.