17 So.2d 577

CLAUDE JONES & SON et al. v. LAIR.

8 Div. 269.

Supreme Court of Alabama.

April 13, 1944.

Bradshaw & Barnett, of Florence, and Kirk & Rather, of Tuscumbia, for appellants.

444

Herbert Carmichael, of Tuscumbia, and Stockton Cooke, Jr., of Sheffield, for appellee.

FOSTER, Justice.

The first question on this appeal relates to the sufficiency of the complaint on demurrer.

Plaintiff driving a car at night ran into a truck of defendants parked on the side of a public highway. The suit was tried on counts 4, 5 and 6, and the question is their sufficiency on the demurrer.

The breach of duty in each count is that defendants, their agent, servant or employee, etc., "left, permitted or suffered an automobile or truck to be parked in or on said highway at night without proper lights, torch or warning signal."

The first question raised is whether that is the expression of a conclusion and apprises the defendants of the exact nature of their breach of duty. That is, that the allegation that there was not left proper lights, etc., is subject to that contention.

It is apparent that the breach is founded on a violation of section 46, Title 36, Code of 1940. We note that it is not based on section 25, Title 36, Code of 1940, relating to the place where the truck was stopped in respect to the road. See, Winn v. Cudahy Packing Co., 241 Ala. 581, 4 So.2d 135. But, assuming as we must, in considering the demurrer, that the truck was left standing in a proper place in or on the roadway, and for a proper purpose, the contrary not being alleged, was it sufficiently guarded by lights as required by section 46, supra, is the issue made. That section is as follows:

"Lights on parked vehicles.—Whenever a vehicle is parked or stopped upon a highway whether attended or unattended during the time mentioned in section 40 of this title there shall be displayed upon such vehicle one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle and projecting a red light visible under like conditions from a distance of five hundred feet to the rear, except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local authorities upon a highway where there is sufficient light to reveal any person within a distance of two hundred feet upon such highway. Any person violating this section shall be guilty of a misdemeanor."

We think the use of the word proper in that connection in the complaint is sufficient to comply with the rule requiring a statement of the facts showing such a breach of duty. It has been held that a competent witness may describe certain conditions as being proper. Atlan-

tic C. L. R. Co. v. Enterprise Cotton Co., 199 Ala. 57, 74 So. 232; Horton v. Louisville & N. R. Co., 161 Ala. 107(7), 49 So. 423.

Counts 4 and 6 charge that this was negligently done and as a proximate consequence thereof, plaintiff drove his automobile against the truck and as a proximate consequence thereof was injured. The further contention is that it shows that plaintiff was doing a positive act causing the injury, subsequent to the negligent act of defendants, not denying the general rule that contributory negligence is defensive in this State. Kansas City M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 So. 262; Louisville & N. R. Co. v. Maddox, 236 Ala. 594(15), 183 So. 849, 118 A.L.R. 1318.

The effect of the contention and meaning of the demurrer is that the complaint shows an independent intervening efficient cause of the injury, to-wit, that plaintiff drove his car into the truck after defendants left it, as a proximate consequence of which the collision occurred. If the complaint shows either contributory negligence by plaintiff proximately contributing to his injury, or that his act in driving into the truck was an independent intervening efficient cause, it would be subject to demurrer. But while a complaint is construed most strongly against a pleader the court will not presume negligence nor illegal conduct by him. McCurry v. Gibson, 108 Ala. 451, 18 So. 806(6), 54 Am.St.Rep. 177; Van Antwerp v. Van Antwerp, 242 Ala. 92(2), 5 So.2d 73. The complaint does not show negligence by the plaintiff.

And plaintiff's act in driving into the truck is not an independent agency so intervening, if it was stimulated as a proximate consequence of defendant's wrongful conduct. The complaint so alleges. Counts 4 and 6 are not subject to the demurrer.

Count 5 alleges that defendants "willfully or wantonly" left, permitted or suffered the truck to be so parked, and then uses the same language quoted above. (But it does not allege that defendants were conscious of the danger likely to result from so doing.) It then alleges that as a proximate result and consequence of said willful and wanton conduct, plaintiff drove his automobile against the truck and as a proximate result and consequence thereof, he was injured as detailed.

This count was treated by the court and counsel as one charging willful or wanton injury, and the court charged the jury on the essentials of such charge, and refused the affirmative charge on that count for defendants.

We have held that certain conduct of defendant as alleged in the complaint is the equivalent of a wanton or willful injury, as distinguished from being merely a wanton or willful act. Caruth v. Sparkman, 226 Ala. 594, 147 So. 884; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165; Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768; Jack Cole, Inc., v. Walker, 240 Ala. 683, 200 So. 768.

It will be observed that in these cases, which uphold the counts against demurrer, they alleged in substance (1) either that defendants willfully or wantonly caused a truck to run into a vehicle in which plaintiff was riding, or (2) that defendants wantonly caused plaintiff to be caught in the doors, and wantonly injured him; or (3) willfully or wantonly ran a truck against plaintiff's intestate.

But in other cases a distinction is noted and the counts were not upheld against demurrer. Southern R. Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Birmingham R. L. & P. Co. v. Brown, 150 Ala. 327, 43 So. 342; Woodward Iron Co. v. Finley, 189 Ala. 634, 66 So. 587; Alabama G. S. R. Co. v. Smith, 191 Ala. 643, 68 So. 56; Harrison v. Formby, 225 Ala. 260, 142 So. 572; Jones v. Keith, 223 Ala. 36, 134 So. 630; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

The case of Harrison v. Formby, supra, does not seem to be consistent with Caruth v. Sparkman, supra, and Byram & Co. v. Bryan, supra; Jackson v. Vaughn, supra, seems to conflict with Jack Cole, Inc., v. Walker, supra, and Birmingham Electric Co. v. Mann, supra. Another holds that a count is defective which in substance alleges that defendants wantonly or willfully ran their vehicle at a dangerous rate of speed over a certain public crossing or street where people are wont to cross and recross in great numbers, and as a proximate consequence plaintiff was run over and injured, but does not allege knowledge of the facts which made it dangerous (Southern R. Co. v. Weatherlow, supra); or that defendants wantonly or willfully caused a collision which threw a car of coal upon plaintiff, proximately causing his injuries,

without alleging knowledge of plaintiff's danger (Alabama G. S. R. Co. v. Smith, supra); likewise in legal effect is Jones v. Keith, supra; or that defendants wantonly or intentionally caused a car to start or jerk, and thereby wantonly or intentionally caused plaintiff to suffer the injuries, but fails to show that defendants had knowledge of the facts or circumstances which would make such conduct dangerous (Birmingham R. L. & P. Co. v. Brown, supra); or that defendants wantonly or willfully wrecked a tramcar upon which plaintiff was riding, and by reason of said wanton or willful act plaintiff was injured, not alleging any knowledge of the likelihood of the injury to plaintiff by so doing. Woodward Iron Co. v. Finley, supra.

Count 5 in the instant case in the opinion of this writer is of the same type and subject to the same objection as a wanton or willful count. But Chief Justice GARDNER and Justice STAKELY are of the opinion count 5 was not subject to demurrer as a count in wantonness. Justice BOULDIN expresses no view as to the sufficiency of the count as a wanton count and leaves that question to one side as unnecessary to be decided. If it is good as a simple negligence count, the demurrer was properly overruled.

In one of the cases it is observed that the count is no more than a simple negligence charge, in holding that it is not good as a wanton or willful charge, but not holding that it is good as a simple negligence count. Southern R. Co. v. Weatherlow, supra. And in Birmingham R. L. & P. Co. v. Brown, supra, the count is held to be bad as a simple negligence count, as well as bad as a wanton count. The other cases cited above, which hold the count bad as a wanton count, do not treat its sufficiency as a simple negligence count, but hold it subject to demurrer.

But there is a distinction between them and .the one in the instant case, in determining its sufficiency as a simple negligence count, in that in the latter the act charged to be willfully or wantonly done is a violation of the statute, and therefore wrongful without more, and alleges that as a proximate consequence of such violation the injury occurred. Whereas, the counts in the other cases allege that the act was wanton or willful, proximately causing the injury, but it was not wrongful except for the injury done, there being no allegation of consciousness of its danger.

We have an unbroken line of cases which hold that the violation of a regulatory statute intended to benefit one such as plaintiff, and which proximately causes his injury creates a cause of action in negligence when the injury is not wantonly or willfully inflicted. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A.L.R. 1173; Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870; Id., 223 Ala. 111, 134 So. 868; Cooper v. Agee, 222 Ala. 334, 132 So. 173. See, Luquire v. McCalla, 244 Ala. 479, 13 So.2d 865, 869.

It is our view that when a complaint alleges either a negligent, or a wanton or a willful, violation of a regulatory statute from which plaintiff was injured as a proximate consequence, that feature of the complaint is sufficient as a simple negligence count, though it may not be good as a wanton or willful count in the absence of allegations of fact showing a wanton or willful injury. All the concurring Justices agree that the demurrer to count 5 was overruled without error.

### Assignment No. 4.

This relates to the refused general charge as to count 5. Appellant insists that the evidence is not sufficient to go to the jury on the charge of wanton or willful injury. There was no exception to the oral charge defining such a claim and submitting it to the jury.

Since the court and counsel treated it as a wanton or willful charge we will do likewise in ruling on the requested charge, though this writer is of the opinion that taken solely by its allegations and without other consideration it is properly a negligence count if we are to follow our cases on the subject. We think the evidence was sufficient to carry the wanton claim to the jury. There was a tendency of the evidence in substance, that the driver left the truck unattended over night parked without the required lights as signals; that the back end of the truck was almost wholly on the paved portion of the roadway, which was twenty feet wide; that the shoulder at that point was hard and wide enough to take the truck entirely off the pavement with safety; that it was obviously a much frequented highway,

and as parked was obviously dangerous to one traveling as plaintiff was doing at night, liable to be blinded by approaching cars, and that the accident happened as a proximate consequence of those conditions.

So that in any aspect of count 5, there was no reversible error in refusing the affirmative charge as to it.

### Assignment No. 5.

This relates to refused charge No. 19. Appellant relies upon Williams v. Wicker, 235 Ala. 348, 179 So. 250, and Hampton v. Roberson, 231 Ala. 55, 163 So. 644, to sustain his contention. In both those cases the charges were given, not refused. In the latter case it is said that it could well be refused as misleading. Moreover, in both cases the action was under the homicide statute, where the damages are wholly punitive. The charge has no application at all where compensatory damages are also claimed and proved. The charge was refused without error.

### Assignments No. 6, 7 and 8.

They relate to the refusal of charges numbered 20, 21 and 24, respectively. They are all contributory negligence charges. The court had sufficiently and correctly charged the jury on that issue as made in the pleadings, and in a way which fully covered the substance of those refused charges.

### Assignments No. 9 and 10.

They are argued together, and considered as presenting the contention that the evidence does not sustain the complaint insofar as the partnership of Claude Jones and Son is sued as such, or insofar as Claude Jones personally is sued as a member of said partnership.

But there was no requested charge refused to them so as to present the question to us. The contention in substance is that the court be put in error for not doing so ex mero motu. But the question cannot be raised except by the refusal of a requested charge or exception to the court's oral charge. Section 273, Title 7, Code of 1940; McPherson v. State, 198 Ala. 5, 73 So. 387; Norris v. State, 229 Ala. 226 (23), 156 So. 556.

Moreover, there was no verified plea denying the existence of the partnership so as to make it an issue. Section 377, Title 7, Code of 1940, and there was some evidence of the partnership.

### Assignment No. 11.

This relates to plaintiff's given charge No. 4. This charge states a principle of law not incorrect, but incomplete as an instruction to the jury in a suit for damages, and ought not to be given in that form. It should not be given without further instruction to the jury in respect to its bearing on the case, as being a proximate cause of the result at issue. But we do not think the giving of it was prejudicial and appellant should have requested an explanatory charge if he thought proper. Watts v. Montgomery Traction Co., supra; Ivy v. Marx, supra; Newell Contracting Co. v. Berry, supra; City Ice Delivery Co. v. Lecari, 210 Ala. 629 (12), 98 So. 901; Cooper v. Agee, 222 Ala. 334, 132 So. 173.

### Assignments No. 12, 13 and 14.

These assignments are obviously free from reversible error.

### Assignment No. 15.

This related to a question calling for a post rem statement alleged to have been made by James Terry. He was the driver of the truck charged with the wrongful conduct as agent of the other defendants. But he was sued also with his employer in this suit. His statements were surely admissible against him. There was no effort made to limit them to him, so as not to affect his employer under the rule in Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697. Moreover, he testified when he was examined later in the trial to substantially the same as the witness John T. Lair referred to in his assignment.

We find no reversible error, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.