I concur as to Parts I and III of the main opinion. As to Part II, however, I concur only in the result.
I agree that the judgment in favor of the City of Montgomery, Chief Wilson, and Officer Perkins should be reversed as to the plaintiffs' negligence claims against those defendants. As to the plaintiffs' wantonness claims against Chief Wilson and Officer Perkins,[10] I can envision circumstances in which a violation of the Safe Streets Act could occur in such a way as to constitute wanton conduct and in which a wantonness claim could be actionable. See Claude Jones Son v. Lair,245 Ala. 441, 17 So.2d 577 (Ala. 1944), where this Court stated:
 "[W]hen a complaint alleges either a negligent, or a wanton or a willful, violation of a regulatory statute from which plaintiff was injured as a proximate consequence, that feature of the complaint is sufficient as a simple negligence count, though it may not be good as a wanton or willful count in the absence of allegations of fact showing a wanton or willful injury."
245 Ala. at 446, 17 So.2d at 580. See, also, Allen v. Delchamps, Inc.,624 So.2d 1065 (Ala. 1993), in which this Court held that a summary judgment in favor of Delchamps was improper as to the plaintiff's negligence and wantonness claims in a case where the plaintiff alleged a violation of a federal statute. In this case, however, the plaintiffs did not allege facts that could have supported a claim of wanton conduct against either Chief Wilson or Officer Perkins. Therefore, I agree that the judgment in favor of Chief Wilson and Officer Perkins should be affirmed as to the plaintiffs' wantonness claims against those defendants.
Johnstone, J., concurs.
[10] The plaintiffs did not advance any wantonness claims against the City. Wantonness claims against a municipality, however, would have been precluded by § 11-47-190, Ala. Code 1975.